McCay, Judge.
1. Without doubt, this was an unfortunate affair — an instance of the sad evil of intemperance and of the consequences of allowing one’s passions to get the control of the respect for human life and of human and divine law. That the prisoner had cause for anger is unquestionable, and the circumstances do, in our judgment, excuse him from the guilt of murder, yet he has taken a human life without any of the justifications allowed by law. At the time he inflicted the fatal blow, he had no reason to fear any harm to himself from the deceased. From all the facts, one cannot but think that even the cuts he got in the struggle between the deceased and the person with whom he was quarreling, were accidental. At any rate, the evidence is conclusive, that as soon as the deceased knew he had injured the prisoner he expressed his regret, and put up his knife. The prisoner had no reason to suppose the deceased intended to interfere with him any longer. In this state of things, impelled by his own fierce passions, he draws his knife, rushes upon the deceased and strikes him several times on the breast with his open knife in his hand. The clinching of him by deceased was only the natural act of a man, doing the best he could against a violent assault, and there was nothing in this to justify the killing. The hot passion, induced by his wounds, is the only excuse that in our judgment exists, and the jury has given him the benefit of this by the verdict of manslaughter. We cannot say, from the evidence, that this verdict is illegal; there is some evidence even, that the fatal wound was in the breast, and that this *was inflicted before deceased clinched the prisoner, and if the jury believed this he gets off pretty well by a verdict of manslaughter.
It is not necessary for us to decide the question so elaborately argued, as to how far one must retreat to be justified in killing one who is manifestly endeavoring by violence or surprise to commit upon him a wrong less than a felony. The prisoner, in this case, did not retreat at all; there is absolutely no evidence, from which it is possible to infer, that he retreated at all. In the immediate struggle, which ended in the death of deceased, the *30 prisoner was the aggressor, and the evidence shows no act of his indicating any disposition to get away. The charge asked for was not, therefore, pertinent to the evidence. And the charge as given,' whether right or not, did'the-prisoner no harm, as it presented a hypothesis in his favor which the evidence did not justify.
2. The deceased is described by his' name and by his color: The name is sufficient. It is laid down by Ch'itty, that if the occupation be stated it is surplusage, and need not be proven: 1 Chitty’s Criminal Law, 211. And this is a general rule as to matters of description. The case in 16 Arkansas Reports, of the killing of the Wyandotte Indian, was right enough, as that was all the description given. It would be too burdensome to require every particular of description to be proven. It is enough if a sufficiency is proven to identify. The name does that; the color is only another mode of identification. All colors of men stand now on equal footing before the law.
3. It is only a very loose sense that the prisoner’s- statement is evidence. Ordinarily it can have only the force which-its consistency, naturalness and inherent probability gives it. It is a very poor privilege if it has to be bartered for the conclusion, and we do not think it was the intent of the Legislature to make its introduction have that ’effect. It was so easy and so natural to say so, that the absence of a provision ’is an argument against it. Criminal laws are to be construed favorably to the accused and no right is to be construed away. It must be clear that the law takes it away. We do not, therefore, *agree with the circuit judge in the opinion he expressed. But we do not think this a ground for a new trial. The facts stated do not constitute a decision. Lie did not rule out the statement, nor did he refuse the right to conclude. All that can be said is that he announced that under certain circumstances he would deny the right to conclude. Lie did not in this case deny it, because the party, in anticipation of what the judge would, decide, took such a course as to obviate the anticipated decision. It would be dangerous to treat such an announcement as a de-. cisión. A judge’s known opinions are no reason why parties’ should not call upon him to decide. His decision in one case is, no justification for a party who has a similar case, not to demand a new decision. The true course was to put in the statement, and when the time came for the argument, to evoke the decision of the Court.
4. The rule is well established that to get a new trial, on the ground of newly discovered testimony, the affidavit of the witness must be produced. Something more at any rate must appear than the affidavit of the party making the motion.- Ordinarily, and perhaps universally, there must be the affidavit of the. witness, or of some one who knows what the witness can and will testify to.
Judgment affirmed.