## FAMBLES *v.* THE STATE.

1. Where, after the adjournment of a term at which a criminal trial was had, the person convicted filed a motion for a new trial upon alleged "extraordinary grounds," although the judge certified to the correctness of recitals in the motion as to what occurred at the trial, ordered the motion and the brief of evidence to be filed, and granted a rule *nisi* calling upon the State's counsel to show cause why the motion should not be granted, these facts did not amount to an adjudication that the motion was in law good as an "extraordinary" motion, or estop the judge, upon investigation at the hearing, from deciding that it was not good as such a motion, or prevent dismissing it for the reason that it could not be legally entertained as such.
2. Where one accused of crime was upon his trial defended by an attorney at law appointed for this purpose by the presiding judge, it will, unless there be clear and convincing proof to the contrary, be presumed that this attorney did his duty in the premises and properly represented his client.
3. The mere facts that such counsel also, by appointment of the court, defended another person jointly indicted and tried with the accused, it being perfectly consistent for him to represent both, and that he failed to move for a new trial or to take the case to the Supreme Court, would not constitute grounds upon which to base an "extraordinary motion" for a new trial after the adjournment of the term at which the verdict was rendered, it not appearing that there was anything to prevent moving for a new trial during such term, or filing a bill of exceptions to the ruling of the judge within the time prescribed by law, if the counsel appointed as above stated had seen proper to do so.
4. The facts disclosed by the record in the present case do not show that the counsel representing the accused at his trial neglected any duty imposed upon him, or that because he failed to take steps to have the verdict of guilty reviewed, he improperly "abandoned" the case; and there was no error in dismissing the alleged "extraordinary motion" for a new trial.

January 13, 1896.

v 97-40

Indictment for murder.    Before Judge Smith.    Twiggs superior court.    October term, 1895.

*John R. Cooper* and *Thomas R. R. Cobb*, for plaintiff in error.    *J. M. Terrell, attorney-general, Tom Eason, solicitor-general,* and *John M. Stubbs,* contra.

SIMMONS, Chief Justice.

1. It appears from the record, that William Nobles was killed on June 21, 1895.    Elizabeth Nobles, his wife, Debby Nobles, his daughter, Gus Fambles, Mary S. Fambles and Dalton Joiner were arrested and charged with the homicide.    The judge of the superior court called a special term of the court for their trial, and at this term, which was held in July, 1895, they were indicted for murder.    On account of their poverty the accused were unable to employ counsel, and the court appointed two members of the bar, Messrs. C. R. Warren and W. Custis Nottingham, to represent them as counsel.    The accused were tried jointly, and Elizabeth Nobles, Gus Fambles and Mary Fambles were found guilty of murder.    No motion for a new trial was made for any of the accused.    At the next regular term, which was held in the following October, Elizabeth Nobles made a motion for a new trial upon alleged "extraordinary grounds"; and at the same term Gus Fambles, through his counsel Messrs. John R. Cooper and Thomas R. R. Cobb, who were employed subsequently to the trial, made a similar motion.    The motion of Mrs. Nobles is dealt with in another opinion.    When the motion of Gus Fambles was presented to the judge, he approved the grounds thereof as true so far as they related to what occurred upon the trial before him, ordered the motion and the brief to be filed, issued a rule *nisi* calling on counsel for the State to show cause why the motion should not be granted, and granted a *supersedeas* until the motion could be heard and disposed of.    When the motion came on to be heard, counsel for the State moved to dismiss it because the grounds of the

motion did not make out such a case as would authorize the court to hear and consider the same as an extraordinary motion for a new trial. The motion to dismiss was sustained, and to this ruling the defendant excepted.

It was contended by his counsel, in the argument here, that after the judge had certified to the correctness of the recitals in the motion, and had ordered the motion filed, etc., he had no right to dismiss the motion for the reason assigned in the motion to dismiss; in other words, that these acts of the court amounted to an adjudication that the grounds were sufficient, and the court was bound by this judgment. We do not agree with counsel that these acts of the court involved an adjudication that the motion was sufficient in law as an extraordinary motion for a new trial, or would estop the judge, upon investigation at the hearing, from deciding that it was not good as such a motion, or prevent dismissing it for the reason that it could not be legally entertained as such. In approving the grounds of a motion for a new trial and granting the rule *nisi*, the judge does not decide as to the sufficiency of the motion or as to whether it is made in time. He decides simply whether the recitals of fact as to what took place at the trial are true. At the hearing he may determine that none of the grounds have any merit in them, or if the motion has not been made and filed in the time prescribed by law, he may dismiss it, although he has approved the grounds and issued the rule *nisi*. The code provides that "all applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had" (§3719), and that "in case of a motion for a new trial made after the adjournment of the court, some good reason must be shown why the motion was not made during the term, which shall be judged of by the court"; and "when a motion for a new trial has not been made at such term, . . no motion for a new trial from the same verdict shall ever be made or received unless the same be an extraordinary motion or case," etc.

(§3721.) This motion having been made after the adjournment of the term, the court, under these sections of the code, had the right to determine at the hearing whether or not the reasons urged therein were sufficient to sustain such a motion.

2–4. The only reasons assigned why the motion was not made during the term were, that the accused did not have the benefit of counsel who could fairly represent him, that the counsel assigned to him were assigned also to Mrs. Nobles, and that their defenses were inconsistent; and that after the verdict and sentence his counsel did not consult with him as to the making of a motion for a new trial, but on account of the popular feeling against him, abandoned his case.

Attorneys are officers of court, and such officers are presumed to do as the law and their duty requires them. When an attorney is appointed by the court to defend a person accused of crime who is unable to employ counsel, it is his duty to do so; and it is to be presumed that he will discharge his full duty in the premises. It is also to be presumed that the court, in appointing counsel for this purpose, will appoint attorneys who have sufficient skill and learning to defend the accused properly. Instances in which counsel prove unfaithful to the duty thus imposed upon them, if they occur at all, are very exceptional. Attorneys are generally men of upright character. In order to be admitted to practice they are required to satisfy the court that they are of good moral character, as well as that they have the requisite learning. The writer has never known an instance in which an attorney appointed to defend an accused person has wilfully abandoned the case and failed to apply for a new trial where such an application ought to have been made. We think that before a court should grant a new trial upon the ground that counsel have failed to do their duty in this respect, there should be strong and convincing proof to overcome the presumption to the contrary.

The evidence presented to the trial judge in support of this motion fails to show that the counsel representing the accused neglected any duty imposed upon them. From our reading of the record we think they might properly have concluded that there was no sufficient ground for a new trial; and where this is so, it is not the duty of counsel to move for a new trial. Why should counsel obstruct the administration of justice and occupy the time of the courts with such motions, when there is no reason for supposing that a new trial will be granted?

There was no such conflict in the defense of Gus Fambles and that of Mrs. Nobles as would render it inconsistent or improper for the same counsel to represent both when tried jointly. So far as disclosed by the record, both had one and the same defense. It is true that Mrs. Nobles appears to have been, as contended by counsel, "a keen, shrewd white woman," and Fambles an ordinary negro farm laborer, but it does not appear, nor was it claimed, that Mrs. Nobles, by duress or persuasion, caused him to commit the crime. The testimony shows that he did so in consideration of ten dollars paid him by her.

Upon the whole, therefore, we are satisfied that the court did not err in dismissing the alleged "extraordinary" motion for a new trial.　　　　*Judgment affirmed.*