STATE v. JOHN DUNN.

(Filed 28 May, 1912.)

1. Habeas Corpus — Jurisdiction — Competent Court—Judgments—
   Second Appeal—Rehearing—Practice.

    The writ of *habeas corpus* cannot be used in the nature of a writ of error, and will not be considered on appeal when it appears that the petitioner is in custody by virtue of the judgment of a competent court appearing to be regularly entered (Revisal, sec. 1822, 2), which has been affirmed by the Supreme Court on a former appeal.

STATE *v.* DUNN.

2. **Habeas Corpus—Competent Court—Judgment—Illegal—Evidence —Intoxicating Liquors—Sale—Courts—Jurisdiction.**

An indictment and judgment against the prisoner for an illegal sale of spirituous liquors alleged to have been based upon illegal evidence authorized by an unconstitutional statute, may not be passed upon in *habeas corpus* proceedings, for such would be to permit one Superior Court judge to examine into the proceedings before another judge, upon parol evidence, and review his action.

3. **Federal Questions—Objections and Exceptions—Practice—Intoxicating Liquors—Sales—Presumptions—Statutes.**

When a Federal question arises it must be presented by an exception taken at the trial upon the merits, and be reviewed on appeal in that case. *Semble*, that under chapter 20, Laws of 1905, making the possession of more than two gallons of whiskey *prima facie* evidence of the illegal sale, no Federal question can arise.

APPEAL by defendant from an order rendered by *Peebles, J.,* at chambers, 10 April, 1912; from CUMBERLAND.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*R. W. Winston and E. G. Davis for defendant.*

CLARK, C. J. The defendant was convicted upon an indictment, in the usual form, for illegal sale of intoxicating liquors. On appeal to this Court, the judgment was affirmed. The defendant then sued out a writ of *habeas corpus* before a judge of the Superior Court, alleging that the conviction had been obtained upon illegal evidence. The judge refused to discharge the prisoner, whereupon he appealed to this Court. Afterwards, in deference to the decision *In re Holley,* 154 N. C., 164, he withdrew said appeal and applied to this Court for a writ of *certiorari.* This was granted, and the question now presented is whether there was error in refusing to discharge the petitioner upon *habeas corpus.*

It is true that when it appears upon the inspection of the record itself that the court imposing the sentence was without jurisdiction, the prisoner can be discharged upon *habeas corpus*

upon the ground that the judgment is void, but the writ cannot be used in the nature of a writ of error. If the petitioner is in custody by virtue of the judgment of a competent court, the statute forbids the writ to be issued. Revisal, 1822 (2); *S. v. Webb,* 155 N. C., 426; *Howie v. Spittle,* 156 N. C., 180; *Ledford v. Emerson,* 143 N. C., 536. The remedy is by appeal from the original judgment. In this case the indictment and judgment are in every respect regular upon their face. The court below could not go behind the record and find that the defendant was convicted upon evidence which was illegal because authorized by an alleged unconstitutional statute. This would be for one Superior Court judge to examine into the proceedings before another judge, upon parol evidence, and review his action.

Besides, in this case, the defendant had appealed to this Court, which had adjudged no error, and this proceeding is in effect an attempt to procure a rehearing of the cause upon a *habeas corpus* before another judge of the Superior Court.

The point is not before us, for the reasons above given, but we may say that the statute thus irregularly attempted to be called in question was passed upon and construed in *S. v. McIntyre,* 139 N. C., 599, and as there construed, no Federal question can arise in regard to it. When a Federal question arises it must be presented by an exception taken at the trial upon the merits, and be reviewed on the appeal in that case. It could not be presented in this irregular method. The judgment in refusing to discharge the prisoner is

Affirmed.