## PEEBLES *v.* MANGUM, sheriff.

On the trial of a habeas-corpus case the only question to be determined is the legality of the applicant's detention.

(*a*) Consequently, on the trial of such a case, where it appears that the applicant has been arrested and detained in the county of his residence on a bench warrant issued by the judge of a court of competent jurisdiction of a different county from that of the applicant's residence, which warrant is regular on its face, it is not error to refuse to allow the appli-

cant to testify to facts tending to establish his innocence of the crime charged against him, and also tending to show that the crime could not have been committed in the county where the warrant was issued, and therefore that the court issuing the warrant was without jurisdiction to issue it.

(*b*) There was no error in remanding the applicant to the custody of the sheriff, to be carried to the county where the warrant was issued.

NOVEMBER 13, 1914.

Habeas corpus. Before Judge Hill. Fulton superior court. February 10, 1914.

*Bell & Ellis,* for plaintiff. *Hugh M. Dorsey, solicitor-general,* and *Hines & Jordan,* for defendant.

HILL, J. W. A. Peebles filed a petition for a writ of habeas corpus in his own behalf against C. W. Mangum, sheriff of Fulton county, alleging: that the applicant was restrained of his liberty and was incarcerated in the jail of Fulton county; that the cause of the restraint was a warrant issued by the city court of Wrightsville in Johnson county, Georgia, which warrant charged that the applicant had committed a misdemeanor in Johnson county by cheating and swindling; that the restraint was illegal, because the applicant had never been in Johnson county, had committed no crime there, and the city court of Wrightsville had no jurisdiction of his person and of the offense charged to have been committed, for the reason that the applicant had not committed any offense in that county; and that the applicant did not know who the prosecutor was, but he averred on information and belief that the prosecution was instituted for the purpose of collecting a debt which applicant owed to some resident of Johnson county.

The sheriff filed his answer, admitting that he had arrested the applicant by virtue of the warrant referred to and held him thereunder. On the trial of the case the applicant offered himself as a witness to testify to a state of facts (which are set out in detail in the bill of exceptions) which it was insisted tended to show that if they were such as to make him a common cheat and swindler, he would be one in the county of Fulton and not in the county of Johnson, and that the city court of Wrightsville was without jurisdiction of the case. The court refused to permit the applicant to take the stand, be sworn, or testify to any of such facts. To this ruling the plaintiff excepted, on the ground that he should have been permitted to testify in order to show that the city court of Wrights-

ville was without jurisdiction, and to show facts which would have authorized the court in its discretion to order his release. The court also ruled that the warrant under which the applicant was held was regular on its face, and that the applicant should be remanded to the custody of the sheriff, to be carried to Johnson county, and entered an order accordingly, but superseded the order for ten days upon the applicant giving bond in the sum of $500. On the same day the presiding judge had the applicant to appear before him, and at that time revoked and set aside so much of the foregoing order as permitted the applicant to make bond, and ordered that he be remanded to the custody of the sheriff without bond. To these rulings the plaintiff excepted.

By the act of the legislature creating the city court of Wrightsville (Acts 1912, pp. 318-324), the judge of that court was given authority to issue criminal warrants. The Penal Code, § 1305, provides that no person shall be discharged upon the hearing of a writ of habeas corpus "where he is imprisoned under lawful process issued from a court of competent jurisdiction." The function of a writ of habeas corpus is not to determine the guilt or innocence of one accused of crime, but the purpose is to determine the legality of the detention. *Stephens* v. *Henderson,* 120 *Ga.* 218, 220 (47 S. E. 498) ; *Hudson* v. *Jennings,* 134 *Ga.* 373 (2), 374 (67 S. E. 1037). The evidence offered by the applicant, and rejected by the court, tended to show that he was not guilty of the charge alleged in the warrant, namely, cheating and swindling, for the reason that he had never been in the county of Johnson where the crime was alleged to have been committed. In other words, he was endeavoring to introduce evidence going to the merits of the accusation made against him and tending to establish his innocence, and to show that the city court of Wrightsville was without jurisdiction because the crime could not have been committed in that county. This is not the function of a writ of habeas corpus. The warrant being regular upon its face, and no legal reason appearing why it or the arrest and imprisonment was illegal, the court did not err in refusing to discharge the prisoner upon the hearing, nor in remanding him to the custody of the sheriff to be carried to Johnson county.

The other question raised by the bill of exceptions, whether the court erred in revoking and setting aside so much of the previous

order as permitted the plaintiff in error to make a supersedeas bond, was not argued by the plaintiff in error, and will not be considered.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*