ALDREDGE, sheriff, *v.* WILLIAMS.

No. 12966.   SEPTEMBER 13, 1939.

*A. S. Skelton, solicitor-general,* and *Oliver S. Jacobsen,* for plaintiff in error.

*William S. Shelfer,* contra.

JENKINS, Justice.   ■   A discharge under a writ of habeas corpus, after a conviction, can not be granted unless the judgment is absolutely void; as where the convicting court was without jurisdiction, or where the defendant in his trial was denied due process of law, in violation of the Federal fourteenth amendment (Code, § 1-815) and the State constitution, art. 1, sec. 1, par. 5 (Code, § 2-105).   Since the writ can not be used merely as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant had opportunity to avail himself, no question as to guilt or innocence or as to any irregularity can be so raised, unless it was such as to render the judgment wholly void. Moore *v.* Dempsey, 261 U. S. 86 (43 Sup. Ct. 265, 67 L. ed. 543) ; Frank *v.* Mangum, 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969) ; In re Wood, 140 U. S. 278 (11 Sup. Ct. 738, 35 L. ed. 505) ; Nielsen, petr., 131 U. S. 176 (9 Sup. Ct. 672, 33 L. ed. 118) ; Downer *v.* Dunaway, 53 Fed. 2d, 586; In re Terrill, 144 Fed. 616, 618; *McFarland* v. *Donaldson,* 115 *Ga.* 567, 568 (41 S. E. 1000) ; *Etheridge* v. *Poston,* 176 *Ga.* 388 (5) (168 S. E. 25) ; *Blackstone* v. *Nelson,* 151 *Ga.* 706 (108 S. E. 114) ; *Strickland* v. *Thompson,* 155 *Ga.* 125 (1, 3, 4), 126 (116 S. E. 593) ; *Davis* v. *Smith,* 7 *Ga. App.* 192 (5) (66 S. E. 401) ; *Cross* v. *Foote,* 17 *Ga. App.* 802 (88 S. E. 594).   As to what constitutes a denial of counsel, in violation of art. 1, sec. 1, par. 5, of the Georgia constitution (Code, § 2-105), whether and when such a denial may constitute also a violation of the Federal fourteenth amendment as to due process (Code, § 1-815), and whether and when this would render the judgment void, so as to be asserted in a petition for habeas corpus, see Johnson *v.* Zerbst, 304 U. S. 458, 467 (58 Sup. Ct. 1019, 82 L. ed. 1461) ; In re Swan, 150 U. S. 637, 648 (14 Sup. Ct. 225, 37 L. ed. 1207) ; Powell *v.* Ala., 287 U. S. 45, 60 (53 Sup. Ct. 55,

77 L. ed. 158) ; Nielsen, supra; In re Wood, supra; In re Moran, 203 U. S. 96 (27 Sup. Ct. 25, 51 L. ed. 105) ; In re McCluskey, 40 Fed. 71; *Wells* v. *Pridgen,* 154 *Ga.* 397, 399 (114 S. E. 355), and cit.; *Delk* v. *State,* 99 *Ga.* 667, 671 (26 S. E. 752) ; *Charlton* v. *State,* 106 *Ga.* 400 (32 S. E. 347) ; *Fleming* v. *Lowry,* 173 *Ga.* 894 (1, 4) (162 S. E. 144) ; *Sanders* v. *Paschal,* 186 *Ga.* 837 (199 S. E. 153) ; *Peebles* v. *Mangum,* 142 *Ga.* 699 (83 S. E. 522) ; *Stephens* v. *Henderson,* 120 *Ga.* 218, 220 (47 S. E. 498) ; *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817) ; State v. Dunn, 159 N. C. 470 (74 S. E. 1014) ; *Fambles* v. *State,* 97 *Ga.* 625, 628 (25 S. E. 625).

■ No failure to afford to the instant petitioner the benefit of counsel, or other due process in his trial and conviction for murder, appears. The petition, the attached record of the former proceedings, and the decision of this court on the writ of error therefrom (*Williams* v. *State,* 186 *Ga.* 251, 261, 197 S. E. 838), show that the trial court appointed two attorneys to represent the defendant, that his witnesses were subpœnaed, present in court, and consulted by his counsel. Although it is now alleged that he was denied due process, because his attorneys did not move for a continuance and obtain a longer time to prepare the case, because they allowed irrelevant or otherwise illegal evidence to be admitted without objection, because they relied solely on the statement of the defendant to the jury without introducing testimony, and because they themselves did not actively pursue the motion for a new trial,— these were not matters which would constitute a denial of the right to due process, but at most would amount to alleged negligence or errors of judgment. With respect to the reliance solely on the statement of the defendant, judicial notice is taken of the common practice of attorneys to obtain thereby the advantage of having the opening and concluding argument to the jury, under the Code, § 27-2201. *Farrow* v. *State,* 48 *Ga.* 30 (3), 36. If the appointed attorneys did not have sufficient time to prepare the case, and they were derelict in failing to move for a continuance, or otherwise neglectful during the trial, these questions could have been presented to the trial court and to this court by motion for new trial, or extraordinary motion for new trial if necessary and proper. The record and the former decision in this trial and conviction for murder show that this defendant actually employed and obtained

■

new counsel, and that they prepared and prosecuted an amended motion for new trial and the former writ of error to this court from its denial; that the questions now raised for the first time in the present writ of habeas corpus, filed by still additional counsel, could have been raised in the motion, but were not so presented; and that no attack is now made upon counsel who represented the defendant in such motion. See *Delk* v. *State,* supra; *Charlton* v. *State,* 106 *Ga.* 400 (32 S. E. 347). No question arises, and it is therefore not decided, as to whether a petition for habeas corpus would lie on the ground that the defendant, as alleged, was deprived of the benefit of counsel in the trial, if he had not received the benefit of other counsel with opportunity to raise all questions in his motion for new trial. The attack upon one of the original appointees of the court because of his alleged conduct before the Governor in opposing clemency is irrelevant, since this relates to matters subsequent to and wholly disconnected with the trial, or the motion for new trial, or the former writ of error.

■ Under the foregoing rulings, the superior court erred in overruling the demurrer and the motion of the sheriff to quash the application for the writ. *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607). *Judgment reversed. All the Justices concur.*