WILCOXON *v.* ALDREDGE, sheriff.

No. 13943. MARCH 17, 1942.

*William S. Shelfer* and *Randolph W. Thrower,* for plaintiff.

*H. G. Vandiviere* and *John A. Boykin, solicitors-general, Durwood T. Pye,* for defendant.

ATKINSON, Presiding Justice. In *Fambles* v. *State,* 97 *Ga.* 625 (25 S. E. 365), being an exception to a judgment overruling an extraordinary motion for a new trial in a capital case, Chief Justice Simmons speaking for the court said: "Attorneys are officers of court, and such officers are presumed to do as the law and their duty requires them. When an attorney is appointed by the court to defend a person accused of crime who is unable to employ counsel, it is his duty to do so; and it is to be presumed that he will discharge his full duty in the premises. It is also to be presumed that the court, in appointing counsel for this purpose, will appoint attorneys who have sufficient skill and learning to defend the accused properly. . . Attorneys are generally men of upright character. In order to be admitted to practice they are required to satisfy the court that they are of good moral character, as well as that they have the requisite learning. . . We think that before a court should grant a new trial upon the ground that counsel have failed

to do their duty in this respect, there should be strong and convincing proof to overcome the presumption to the contrary. The evidence presented to the trial judge in support of this motion fails. to show that the counsel representing the accused neglected any duty imposed upon them. From our reading of the record we think they might properly have concluded that there was no sufficient. ground for a new trial; and where this is so, it is not the duty of counsel to move for a new trial. Why should counsel obstruct the administration of justice and occupy the time of the courts with such. motions, when there is no reason for supposing that a new trial will be granted?"

In *Delk* v. *State,* 99 *Ga.* 667 (26 S. E. 752), on exception to a judgment refusing a new trial in a capital case, it was held: "A person being tried for the commission of a crime receives 'the privilege and benefit of counsel' within the meaning of the fifth paragraph of the 'bill of rights' (Code, § 4997 [Code of 1933, § 2-105]) whenever, being himself unwilling or unable from poverty or other cause to procure counsel of his own choice, the court assigns to his defense counsel from members of the legal profession who may be present at the time of the trial and who undertake in good faith to represent the interests of the accused. In such case it will, in the absence of satisfactory proof to the contrary, be presumed that the counsel so assigned are of sufficient experience and possess the requisite legal attainment to satisfy the constitutional requirement. above cited." In the recent case of *Williams* v. *State,* 192 *Ga.* 247 (15 S. E. 2d, 219), on exception to a judgment overruling an extraordinary motion for new trial in a capital case, it was ruled: "The defendant was convicted of murder, and after affirmance of a judgment overruling an ordinary motion for new trial, and after still other proceedings, he filed an extraordinary motion for a new trial,. presenting, among others, the contention that appointed counsel who represented him during the trial had so failed in their duty to him as attorneys that he had been deprived of the benefit of counsel. and denied due process of law. The judge, after hearing evidence both for and against the motion, found the issues of fact against the movant, and denied the motion on all grounds. *Held,* that the evidence did not demand a finding that the accused had been denied the benefit of counsel or due process of law, as contended; nor does it otherwise appear that the judge abused his discretion in denying the motion."

In *Aycock* v. *State,* 188 *Ga.* 550 (10), 567 (4 S. E. 2d, 221), it was said: "Complaint is made because the court admitted certain testimony of the witness Godbee, but it is expressly stated by present counsel, who did not appear on the trial of the case, that no objection was made to the admission of the testimony by defendant's counsel. . . This court can not undertake to judge the wisdom of the conduct of trials in the lower court, and thus we can not say that the defendant is entitled to a new trial because of the admission of evidence and statements by the solicitor-general which he approved by his silence during the trial. Every trial lawyer has doubtless at times felt after the trial of his case that the policy he pursued in the conduct of the trial was not wise, although, at the time, he pursued it in the belief that it would result in the best interest of his client." In each of the cases cited above, the defendant was seeking another trial on his own motion, whereas in the instant case the applicant was seeking absolute discharge after final conviction and sentence, by writ of habeas corpus. Although there is this difference in the cases, it does not follow that less cause would suffice, after conviction, to avoid the verdict and obtain a discharge by writ of habeas corpus, than would be required to set aside the verdict on defendant's own motion seeking *another trial.* In *Aldredge* v. *Williams,* 188 *Ga.* 607 (2), 609 (4 S. E. 2d, 469), a habeas-corpus case, it was said: "Although it is now alleged that he [the applicant] was denied due process, because his attorneys did not move for a continuance and obtain a longer time to prepare the case, because they allowed irrelevant or otherwise illegal evidence to be admitted without objection, because they relied solely on the statement of the defendant to the jury without introducing testimony, and because they themselves did not actively pursue the motion for a new trial,—these were not matters which would constitute a denial of the right to due process, but at most would amount to alleged negligence or errors of judgment. With respect to the reliance solely on the statement of the defendant, judicial notice is taken of the common practice of attorneys to obtain thereby the advantage of having the opening and concluding argument to the jury, under the Code, § 27-2201. *Farrow* v. *State,* 48 *Ga.* 30 (3), 36."

In the present case it is complained, first, that the court erred in excluding certain evidence; and second, that with or without

the evidence so excluded it was error under the record to remand the prisoner. The evidence rejected related to alleged unlawful manner in which the grand and traverse jurors were selected by the jury commissioners. As to this evidence, it may be said that unless the attorneys who were appointed for the accused had knowledge or notice that the jury commissioners had not complied with the law, they were authorized to assume that the commissioners had fully performed the duties required of them. Therefore, in the absence of anything to show that the attorneys knew or had notice that the jurors were improperly selected, evidence of the alleged resulting defects and of failure of the attorneys to raise the question would not tend to show incompetency on their part, and the proffered evidence was properly excluded for irrelevancy. But even if such knowledge or notice had been shown, and if the relevancy of the evidence had been thus made to appear, this evidence alone would not have been sufficient to authorize the applicant's discharge; nor would its exclusion have been harmful, unless all of the evidence admitted, considered with that rejected, would have authorized a finding in his favor. It is our opinion that on such basis a finding for the applicant would not have been authorized.

In the conduct of a trial broad latitude of advice, direction, and policy in the interest of the client is essentially vested in counsel. If the indictment could be quashed on account of some infirmity, and the defendant could be reindicted and put on trial under a sufficient indictment, counsel even if knowing of such defect might reasonably conclude upon some ground that it would be better for his client to waive the defect and proceed to trial, speedy trial itself being one of the things considered desirable, in both the State and Federal constitutions, especially as to an accused who is innocent, as the applicant here was presumed to be before his conviction. The same reasoning would apply to a challenge relating to traverse jurors and so affecting the jury lists or boxes as to require revision by the jury commissioners, which also would involve delay, on the theory presented.

Furthermore, it appeared from the evidence that one of the attorneys had been a member of the bar for more than a quarter of a century, and was well experienced in the trial of both civil and criminal cases. Conceivably, from experience and observa-

tion, he might have believed in good faith that the fate of his client would be just as safe in the hands of the grand and traverse jurors actually chosen by the jury commissioners, as with any that might be chosen for the lists and boxes upon revision according to any standard, and ultimately called for service. He might reasonably have thought that the jurors whose names were already in the jury-boxes were fair and impartial, and, even though they were not of defendant's own race, that they could be depended on to deal justly with him according to the evidence, no less than would jurors of his own race or jurors selected in part from both races. Again, if the lists should be revised, there would be uncertainty as to what individuals of all listed by the jury commissioners might at any time be summoned for service, and it might have been considered advisable to rest upon the known rather than to speculate upon the unknown. Still other reasons might have actuated counsel in deciding on the course to pursue in the interest of the client.

Counsel often waive apparently important points in the bona fide belief that, on the whole, greater advantage will be gained indirectly than might have been gained directly by insisting on them, and such a waiver either express or implied would ordinarily not tend to show incompetency. No lawyer is infallible, and the constitutional guaranties of the benefit of counsel, and of due process, do not contemplate such infallibility.

Under the allegations of the present petition and the former decision by this court, the question for determination on the trial now under review was not whether the indictment might have been quashed for some reason, or whether the array of traverse jurors may have been subject to challenge, but was whether the accused had been deprived of the aid and benefit of counsel, as charged in the petition; and the latter question depended, not on whether the ablest or most skillful attorneys were appointed for him, but on whether the attorneys actually appointed were so ignorant, inexperienced, or grossly lacking in appreciation of their responsibility as to amount to *virtually no representation* upon his trial.

Evidence besides that rejected was introduced by the applicant, including testimony of himself and certain of his relatives, showing claim of the defense of alibi and seeking to establish that such defense was not well prepared or presented. The evidence for the respondent included an affidavit by the judge before whom the ap-

plicant was tried on the criminal charge, showing experience of the appointed attorneys, the opportunities afforded them for preparation of the defense, and something as to the manner in which the defense was conducted. The respondent also introduced as a witness the "older and more experienced" of the appointed attorneys, who testified at length on direct and cross-examination. He testified as to his experience as a lawyer, the character of his library, the extent of his present practice, consultation with the accused, and the activities of himself and his appointed associate in preparing and presenting the defendant's defense. The other attorney was not sworn as a witness, but his absence was accounted for. The respondent also introduced a sworn transcript of the evidence adduced upon the trial under the indictment, showing lengthy and skillful cross-examination of the State's witness.

The burden was on the applicant to sustain his contention that he was denied the benefit of counsel; and, as indicated above, in order to sustain such contention it was incumbent on him to show that he was virtually unrepresented. The evidence as a whole, including the evidence rejected, would not have authorized a finding to that effect. While there might have been some slight conflicts between the evidence for the applicant and that of the attorney, as to the period of time spent by counsel in conference with the accused, and as to other matters, there was no sufficient evidence to overcome the presumption of competency and fidelity, fortified as it was by other and undisputed evidence showing not only that the accused did have the benefit of counsel within the purview of the State and Federal constitutions, but that counsel were both able and faithful.

It follows from what has been said that the court did not err in remanding the prisoner to custody.

It is contended by the respondent that the record shows that a motion for a new trial could have been filed by present counsel, and that in such case the writ of habeas corpus would not lie. For this additional and independent reason, it is insisted that the judgment should be affirmed. It is unnecessary to pass on this question.

*Judgment affirmed. All the Justices concur.*