MORRIS *v.* PEACOCK, Sheriff, *et al.*

No. 15854.   JUNE 12, 1947.   REHEARING DENIED JULY 11, 1947.

*W. O. Cooper* and *Thomas A. Jacobs Jr.,* for plaintiff.

*Charles H. Garrett, Solicitor-General,* and *William M. West,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ■ The instant case first came to this court on an exception to a judgment overruling an amended motion for new trial. We affirmed that judgment in *Morris* v. *State,* 200 *Ga.* 471 (37 S. E. 2d, 345). It now comes to us on an exception to a judgment dismissing the writ of habeas corpus and remanding the applicant to the custody of the respondents. It is, of course, fundamental that a writ of habeas corpus sought by one convicted of a crime, who seeks thereby to obtain his liberty, can be maintained only for defects such as render the judgment of conviction void, and can not be made a substitute for appeal, writ of error, or other remedial procedure for the correction of errors and irregularities; nor can it be used as a second appeal or writ of error for such purpose. It is an appropriate remedy only when the court was without jurisdiction to render the judgment or sentence under which the applicant is being restrained, so that such judgment or sentence is not merely erroneous, but is absolutely void. *Kinman* v. *Clark,* 185 *Ga.* 328, 329 (1) (195 S. E. 166); *Aldredge* v. *Williams,* 188 *Ga.* 607, (4 S. E. 2d, 469); *Sanders* v. *Aldredge,* 189 *Ga.* 69 (5 S. E. 2d, 371); *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634 (supra); Ex parte Bigelow, 113 U. S. 328 (5 Sup. Ct. 542, 28 L. ed. 1005); In re Swan, 150 U. S. 637 (2) (14 Sup. Ct. 225, 37 L. ed. 1207); Frank *v.* Mangum, 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969). "It is a fundamental principle of jurisprudence, arising from the very nature of courts of justice and the objects for which they are established, that a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties. . . The prin-

ciple is as applicable to the decision of criminal courts as to those of civil jurisdiction." Frank *v.* Mangum, supra, p. 333.

■ One complaint made in the petition is that a confession, alleged to have been made by the applicant, was not admissible in evidence, because it was in fact obtained by duress and under circumstances which violated his rights under the Constitutions of this State and of the United States, which provide that the defendant in a criminal case shall not be required to give evidence against himself. This does not present a ground for habeas corpus, for the reason that an objection of this kind should have been presented in a proper way at the trial, and upon failure to do so, as in this case, it is to be considered as waived. An applicant is not at liberty to prove, under a petition for habeas corpus, that a confession was in fact involuntary. The judgment of conviction forecloses that question, except in proceedings provided for the review and correction of errors. *Wilcoxon* v. *Aldredge,* supra. It is settled that constitutional questions may be waived by failure to comply with reasonable procedural requirements. Frank *v.* Mangum, supra; *Myers* v. *Whittle,* 171 *Ga.* 509 (156 S. E. 120); In re Wood, 140 U. S. 278 (11 Sup. Ct. 738, 35 L. ed. 505).

■ The remaining complaint is that the applicant was deprived of the benefit of counsel, which is guaranteed to him by the Constitutions of this State and of the United States. Under our Constitution (art. 1, sec. 1, par. 5; Code, § 2-105), "every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel;" and a denial of counsel likewise constitutes a violation of the fourteenth amendment to the Federal Constitution. Powell *v.* Alabama, 287 U. S. 45 (53 Sup. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527). As to what constitutes a denial of counsel within the meaning of our State Constitution, whether and when such a denial may constitute also a violation of the Federal fourteenth amendment as to due process (Code, § 1-815), and whether and when this would render the judgment void, so as to be inserted in a petition for habeas corpus, see *Wilcoxon* v. *Aldredge,* supra; Johnson *v.* Zerbst, 304 U. S. 458, 467 (58 Sup. Ct. 1019, 82 L. ed 1461, 146 A. L. R. 357); In re Swan, 150 U. S. 637, 648 (supra); Powell *v.* Alabama, 287 U. S. 45, 60 (supra); Ex parte Nielsen, 131 U. S. 176 (9 Sup. Ct. 672, 33 L. ed. 118); In re Wood, 140 U. S. 278 (11 Sup. Ct. 738, 35 L. ed. 505); In re

Moran, 203 U. S. 96 (27 Sup. Ct. 25, 51 L. ed. 105); Ex parte Mc-Clusky, 40 Fed. 71; *Wells* v. *Pridgen,* 154 *Ga.* 397, 399 (114 S. E. 355), and cit.; *Delk* v. *State,* 99 *Ga.* 667, 671 (26 S. E. 752); *Charlon* v. *State,* 106 *Ga.* 400 (32 S. E. 347); *Fleming* v. *Lowry,* 173 *Ga.* 894 (1, 4) (162 S. E. 144); *Sanders* v. *Paschal,* 186 *Ga.* 837 (199 S. E. 153); *Peebles* v. *Mangum,* 142 *Ga.* 699 (83 S. E. 522); *Stephens* v. *Henderson,* 120 *Ga.* 218, 220 (47 S. E. 498); *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817); State *v.* Dunn, 159 N. C. 470 (74 S. E. 1014); *Fambles* v. *State,* 97 *Ga.* 625, 628 (25 S. E. 365). In the *Wilcoxon* case, supra, this court said: "The deprivation of counsel is such a fundamental and radical error that it operates to render the trial illegal and void. It follows that the charge that the applicant was denied the benefit of counsel, if meritorious, constituted a ground for issuance of the writ of habeas corpus; and the order remanding the applicant to custody, which was clearly based on the ground that none of the complaints were appropriate to a petition for habeas corpus, but simply called for a review of alleged errors in the trial, was to this extent erroneous."

Since it has now become the settled law of this State that denial of counsel within the meaning of the Constitution renders a judgment of conviction void, we have carefully examined the record of the instant case to see what the facts are with respect thereto. After doing this, we have become convinced that there has been no .such denial of this right as to render the judgment illegal and void under the Constitution of this State and the Federal Constitution. It appears from the record that the applicant was represented on his trial by three practicing attorneys of this State, who had been employed by members of his family and accepted by him. No complaint was made prior to the trial that these attorneys had not been afforded ample opportunity to consult and advise with the accused in the preparation of his case, and no attack is now made upon the competency of two of these attorneys. It is argued here, and the applicant testified to the effect, that Mr. Woods, the first attorney employed by the applicant's father, was incompetent. However, when this case was here on a prior writ of error he appeared in this court and made an oral argument for the applicant. The applicant's contention now is not based solely on the ground that the attorneys who actually represented him on

the trial of his case were in fact incompetent, but is predicated also upon the ground that he was held incommunicado for five days, and not allowed to consult with counsel until after he had signed a false statement. It appears that Mr. Woods, one of the attorneys for applicant, conferred with Mr. Grady Gillon, a member of the Macon bar, with a view of associating him in the defense of the applicant; that Mr. Gillon, with Mr. Woods, desired to confer with the accused for the purpose of completing arrangements for employment; and that the solicitor-general told them they could not see him until the officers had completed their investigation of the case. Mr. Gillon told the solicitor-general that he would take the matter up with the judge and obtain an order, but no application for an order directing the allowance of an interview was ever presented. He was never employed. A prisoner should always be accorded the privilege of conferring freely with counsel at all reasonable times; but, upon application of the principles announced in the above cases, and in *Andrews* v. *State, 196 Ga.* 84 (26 S. E. 2d, 263), we are not prepared to say that the facts of this case show such a denial of the privilege and benefit of counsel, within the meaning of the Constitutions of this State and of the United States, as to render the judgment void. A person accused of crime has the right to communicate with and to consult counsel before trial, and various remedies are available when the right of consultation is denied. Mandamus, habeas corpus, order of court directing the allowance of an interview, mandatory injunction, and motion for continuance have been recognized as proper in various jurisdictions where the accused was not permitted to communicate with counsel before trial. 14 Am. Jur. 885, § 171. The record shows that none of these remedies was resorted to. We think that the facts here do not show such a denial of the privilege and benefit of counsel as to render the judgment illegal and void, but that they show a violation only of the right to discuss with an attorney the terms of a possible contract of employment.

Accordingly, the judge did not err in remanding the applicant to custody.

*Judgment affirmed. All the Justices concur, except Wyatt and Head, JJ., who dissent from division 3 of the opinion, and from the judgment of affirmance. . .*