18393. JONES *v.* BALKCOM, Warden.

ARGUED NOVEMBER 9, 1953—DECIDED NOVEMBER 25, 1953—
REHEARING DENIED DECEMBER 8, 1953.

264

264

*Frank A. Dilworth III, Austin T. Walden,* for plaintiff in error.
*J. T. Grice, Deputy Assistant Attorney-General, Andrew J. Ryan, Jr., Solicitor-General,* contra.

ALMAND, Justice. 1. There is no complaint that Jones was denied due process of law by reason of any action or non-action by the court or its officials in the conduct of the trial. The sole complaint is that he did not have the benefit of counsel as guaranteed by the Federal and State Constitutions, in that his counsel was so incompetent, unfaithful, and negligent in representing him at his trial, that he was virtually unrepresented.

The incompetence, negligence, or unfaithfulness of defendant's counsel who was selected by him in the trial of a criminal case does not as a general rule constitute ground for a new trial, or call for application of constitutional guarantees of defendant's full right to the benefit of counsel, or for application of the Fourteenth Amendment to the Federal Constitution. Tompsett *v.* Ohio, 146 Fed. 2d 95 (2) (certiorari denied, 324 U. S. 869), and citation of authorities on page 98. In that case the court said: "The concept of this rule is that the lack of skill and incompetency of the attorney is imputed to the defendant who employed him, the acts of the attorney thus becoming those of his client and so recognized and accepted by the court, unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his attorney's defense of him or his lack of it and, after the trial has resulted adversely to defendant, obtain a new trial because of the incompetency, negligence, fraud or unskillfulness of his attorney." P. 98. See also *Hudson* v. *State,* 76 *Ga.* 727; *Fambles* v. *State,* 97 *Ga.* 625 (25 S. E. 365); Hudspeth *v.* McDonald, 120 Fed. 2d 962 (certiorari denied, 314 U. S. 617); Morton *v.* Welch, 162 Fed. 2d 840 (certiorari denied, 332 U. S. 779); Moss *v.* Hunter, 167 Fed. 2d 683 (certiorari denied, 334 U. S. 860); U. S. *v.* Handy, 203 Fed. 2d 407 (12). As was well said by Circuit Judge Minton (now Justice of the Supreme Court of the United States) in U. S. *v.* Ragen, 176 Fed. 2d 579: "As to the requirement under the Fourteenth Amendment, the services of counsel meet the requirements

of the due process clause when he is a member in good standing at the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. He is not required to be infallible. We know that some good lawyer gets beat in every law suit. He made some mistakes. The printed opinions that line the walls in our offices bear mute testimony to that fact. His client is entitled to a fair trial, not a perfect one." P. 586. However, if counsel for the defendant in a criminal case of the character of which the present defendant stands convicted, whether appointed by the court or of the defendant's selection, was so negligent or unfaithful in the trial of the case that the defendant was virtually unrepresented, or if the defendant did not in any real or substantial sense have the aid of counsel, this amounts to deprivation of a fundamental constitutional right, and the defendant under such circumstances may complain that he has been denied due process of law. *Williams* v. *State,* 192 *Ga.* 247 (15 S. E. 2d 219); *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d 469). Such denial constitutes valid ground for issuance of the writ of habeas corpus. *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634 (15 S. E. 2d 873); s.c., 193 *Ga.* 661 (19 S. E. 2d 499) (certiorari denied, 317 U. S. 626); *Morris* v. *Peacock,* 202 *Ga.* 524 (43 S. E. 2d 531) (certiorari denied, 332 U. S. 832); Johnson *v.* Zerbst, 304 U. S. 458 (58 Sup. Ct. 1019, 82 L. ed. 1461). In such cases the burden is upon the defendant to show by a preponderance of the evidence the facts which he asserts entitle him to a discharge. Walker *v.* Johnston, 312 U. S. 275 (5) (61 Sup. Ct. 574, 85 L. ed. 830).

The petitioner in this case charges in general terms that his counsel was incompetent. Insofar as this charge is of ignorance and incompetence, the record in the main case (209 *Ga.* 685, supra), and the facts in the case now under review, do not support this conclusion. The defendant's counsel had been practicing law for four years, had had experience in the trial of criminal cases, and had been admitted to the practice of law in this court. The record in the criminal case, and particularly the amended motion for a new trial therein, shows that his counsel possessed skill and ability in practice and procedural matters.

No evidence was introduced before the trial judge in the proceeding now under review as to counsel's ignorance or inexperience in the trial of criminal cases.

The petition for habeas corpus charges that the defendant's counsel was negligent and unfaithful in the following particulars: (a) failure to move for a continuance on the call of the case for trial; (b) failure to summon character witnesses; (c) failure to summon witnesses who would have testified in support of the defendant's plea of alibi; (d) failure to subpoena a doctor to support the defendant's contention that by reason of a recent circumcision he, the defendant, was unable to have sexual intercourse, and failure to obtain a picture of his penis taken after his arrest; and (e) failure to object to certain inadmissible testimony, and the abandonment by counsel in this court of certain grounds of the amendment to the motion for a new trial.

On the trial, the defendant in his statement to the jury contended that he was not guilty because: (a) he was in East Savannah at the time the alleged rape took place in a cabin in the rear of 2400 West Bay Street in Savannah (the distance between the scene of the crime and the house in East Savannah not appearing from the evidence); and (b) his physical inability to have sexual intercourse because of his recent circumcision. On the hearing in the instant case, he testified that he gave his counsel the names of four or five witnesses who would testify in support of his plea of alibi. This is denied by his counsel. Several witnesses testified in this case that, on the night the offense was committed, the defendant was seen at a house in East Savannah "about 12 o'clock midnight." These witnesses were not subpoenaed and did not testify on the main trial. From an examination of the record in that trial, it cannot be said that the failure to have the testimony of these witnesses resulted in material or substantial injury to the defendant. The testimony of two of the State's witnesses placed the defendant in the exact location in East Savannah where the defendant and the purported witnesses claimed he was on the night the offense was committed. Robert Cruise, a witness for the State, testified that he was driving a taxicab in the early morning of July 12th, and picked up the defendant on West Bay Street, which was in the vicinity where the offense was committed, and that the defendant asked

the witness to take him to East Savannah; that it was after 12 o'clock when he picked the defendant up, and it was about 25 minutes before he discharged him in East Savannah. Mary Thelma Jones, another witness for the State, testified that, after 12 o'clock on the morning of July 12, the defendant came to her home at 2254 Gwinnett Street East, the same location as the defendant's witnesses in the habeas corpus proceeding stated as being where they saw the defendant at about 12 o'clock, and asked for his wife. None of the defendant's purported witnesses gave any definite time as to when they saw the defendant in East Savannah. Even if the defendant's witnesses had testified, their testimony would not have been in conflict with that of Robert Cruise and Mary Thelma Jones, witnesses for the State. The State's proof that the defendant was the perpetrator of the crime was not based upon circumstantial or inconclusive evidence as to the identity of the accused. The records shows that the offense was committed in a cabin in the rear of a restaurant at 2400 West Bay Street, and that the defendant came to the restaurant twice between 11:15 and 11:45 p. m. on July 11. He was positively identified by the proprietor of the restaurant, and by the prosecutrix, was seen by a police officer near the restaurant about 11:45 p. m., and was picked up by the taxicab driver in the same vicinity shortly after midnight. By not calling the defendant's witnesses in support of the testimony, whose testimony was that the defendant was in East Savannah about 12 o'clock midnight, which testimony would only have been cumulative of that of the State's witnesses, the defendant's counsel obtained the right to open and conclude the argument to the jury, which is recognized by the bar as a valuable right. *Aldredge* v. *Williams*, 188 *Ga.* 607, 609, supra.

The contention that counsel did not subpoena character witnesses is not supported by any evidence. The record does not show that the defendant ever gave his counsel the names of any persons who would testify as to his good character. Nor is the evidence as to counsel's failure to subpoena the physician who circumcised the defendant, and to have in court a picture of the defendant's penis taken after his arrest, sufficient to establish negligence or unfaithfulness on the part of counsel. There was evidence that the physician, upon being interviewed by counsel,

stated that the defendant's condition would not prevent him from performing the sexual act.

It is contended that counsel was negligent in failing to object to evidence given by a State's witness as to what the defendant's wife told him. The record does not disclose any other instance where incompetent or hearsay testimony was admitted. The failure to object in one isolated instance does not show gross neglect or unfaithfulness on the part of counsel. The trial judge, who testified by affidavit, stated that the defense was properly conducted by Mr. Downing, the defendant's counsel.

Though counsel for the defendant did not in his argument in this court insist upon some of the special grounds of the motion for a new trial, these grounds, as shown by our opinion in the main case, were carefully examined and found to be without merit.

Finally, it is contended that counsel was negligent in not moving for a continuance when the case was called for trial. The record does not disclose the age of the defendant, but does show that he was discharged from the army in 1947; that he went to a G.I. school, and that he was a machinist. It does not disclose that the defendant was possessed of less than normal intelligence for a man of his age, nor that he was totally ignorant of his rights. When the case was called for trial, he knew that his counsel had not subpoenaed any of his witnesses, but he did not call this fact to the attention of the court or any of its officials, nor did he make any protest as to his counsel proceeding with the case. After his conviction he did not discharge his counsel, but continued to accept his services. A representative of the National Association for the Advancement of Colored People apparently was interested in the case, and after conviction of the defendant, paid his counsel a sum of money to continue in the case. At no time while the case was pending in the trial court, either before or after conviction, did the defendant or any one for him complain to that court as to counsel's neglect or inattention. Under all these circumstances, it cannot be said that the failure to move for a continuance constituted virtually no representation by counsel. Compare *Aldredge* v. *Williams*, 188 *Ga.* 607, supra.

This being a case where the defendant faces the extreme pen-

alty, and in which it is charged that he was denied the benefit of due process of law because of the negligent and unfaithful conduct of his counsel, which, as he contends, amounted to virtually no representation, and realizing that a mere token representation by counsel does not satisfy the constitutional requirements, we have carefully examined the record in the main trial as well as the evidence before the habeas corpus court, and cannot say that it supported the charge made in the petition for habeas corpus that the defendant was virtually unrepresented. See *Wilcoxon v. Aldredge,* 193 *Ga.* 661, supra.

It follows from what has been said that the court did not err in remanding the defendant to the custody of the respondent.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*