STATE OF NORTH CAROLINA v. CARL STEPHEN ROBERTS

No. 7928SC1190

(Filed 7 October 1980)

Constitutional Law § 48— *effective assistance of counsel – no denial of right*
    Defendant was not denied his right to effective assistance of counsel

State v. Roberts

where (1) trial counsel failed to move pursuant to G.S. 15A-1225 for the exclusion of the three State's witnesses from the courtroom until each one was called to testify, since any correlation between the certainty of each witness's testimony and the fact that the witness heard another witness's statements prior to his own was completely speculative, and even if defendant's counsel had moved for the exclusion of the State's witnesses from the courtroom there is no assurance that the judge would have ordered it; (2) trial counsel failed to object to the in-court identification of defendant by the State's witnesses and failed to request a voir dire examination of those witnesses to determine the admissibility of their identifications, since the record did not indicate any impermissibly suggestive pretrial identification procedures that would taint the witnesses' in-court identifications; and (3) trial counsel, when establishing defendant's alibi defense, questioned him about his whereabouts on 1 January 1979 instead of 3 January 1979 when the robbery actually occurred, did not attempt to establish on redirect examination a statement defendant gave the authorities was not actually inconsistent with his testimony at trial, did not negate the negative impact of the testimony of the State's rebuttal witness concerning defendant's employment on the day of the robbery, and failed to move for dismissal on the ground of insufficiency of the evidence.

APPEAL by defendant from *Allen (C. Walter), Judge.* Judgment entered 9 August 1979, Superior Court, BUNCOMBE County. Heard in the Court of Appeals in Waynesville 26 August 1980.

Defendant was indicted on two counts of armed robbery arising out of the same set of circumstances, the armed robbery of an employee and customers of the Village Inn Pizza Restaurant in Asheville on 3 January 1979. Defendant was found guilty on both charges, and was sentenced to two concurrent terms of not less than 20 nor more than 25 years each.

The State's evidence at trial consisted of three witnesses all of whom made in-court identifications of the defendant as one of the robbers of the Village Inn Pizza Restaurant on 3 January 1979. One of these witnesses, Tim Pearson, was an employee of the restaurant and was working on the evening of the robbery. Pearson testified that defendant and his friend had come into the restaurant earlier in the day, "as it was getting dark," and that they drank two or two and one half pitchers of beer. They left the restaurant after being there approximately two hours. They returned to the restaurant around closing time, 10:00 or 10:15 p.m., and ordered more beer. Pearson refused to serve them, because of the lateness of the hour. Defendant's friend then left the restaurant and returned with a gun. Defendant

and his friend proceeded to tie up Pearson and the other two customers present in the restaurant at the time with either a telephone or juke box cord they had torn from its receptacle. The robbers forcibly took an undetermined amount of money from the restaurant cash register.

State's witnesses Vickie Wilkerson and James Michael Alfieri, customers in the restaurant at the time of the robbery, also identified the defendant as one of the robbers. Wilkerson and Alfieri both testified that they had been in the restaurant for about an hour waiting for Tim Pearson to get off work. At the time of the robbery the defendant approached them with a "Bowie knife about twelve inches long" and escorted them to the part of the restaurant where defendant's friend had Pearson at gunpoint. They were both then bound with a cord. Defendant's friend took two dollars from Wilkerson's pocketbook, while defendant took Alfieri's watch and approximately $130 from his wallet.

The defendant offered evidence of an alibi defense through his own testimony and the testimony of three corroborating witnesses. Defendant testified that on the day of the robbery he was employed at the Slosman Corporation as a hoister driver. He stated that on the evening of the robbery in question his wife picked him up from work and they drove to his brother-in-law's home to spend the evening. At approximately 10:30 p.m. defendant left his brother-in-law's and took his young daughter across the street to his own home. His wife, Patricia Roberts, followed him home several minutes later. After returning home defendant went to bed around 11:00 p.m. and did not leave his house until the following morning. Defendant's testimony was corroborated by that of his wife, brother-in-law, and sister-in-law.

Defendant and his wife both told the jury that he had been working at the Slosman Corporation on the date of the robberies. The State rebutted this evidence with the testimony of Robert Zillgitt, Personnel Director of Slosman Corporation, who stated that defendant was not employed by the Corporation on the date of the robberies, 3 January 1979.

*Attorney General Edmisten, by Associate Attorney Barry S. McNeill, for the State.*

*Brock, Begley and Drye, by Michael W. Drye, for defendant appellant.*

MORRIS, Chief Judge.

The question before us is whether defendant, Carl Stephen Roberts, was denied his constitutional right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Sections 19 and 23 of the Constitution of North Carolina. The traditional test for ineffective assistance of counsel was adopted by the North Carolina Supreme Court in *State v. Sneed*, 284 N.C. 606, 201 S.E. 2d 867 (1974). In that case Justice Branch (now Chief Justice) stated the rule for the Court:

> [T]he incompetency (or one of its many synonyms) of counsel for the defendant in a criminal prosecution is not a Constitutional denial of his right to effective counsel unless the attorney's representation is so lacking that the trial has become a farce and a mockery of justice. *Snead v. Smyth*, 273 F. 2d 838; *Doss v. State of North Carolina*, 252 F. Supp. 298; *Edgerton v. State of North Carolina*, 230 F. Supp. 264; *DuBoise v. State of North Carolina*, 225 F. Supp. 51; *Jones v. Balkcom*, 210 Ga. 262, 79 S.E. 2d 1, cert. den. 347 U.S. 956, 98 L. Ed. 1101; See Annot., 74 A.L.R. 2d 1390 (1960), Conviction - Incompetency of Counsel.

284 N.C. at 612, 201 S.E. 2d at 871. We think that this standard is a good one, because a subsequent view of the record of a criminal trial will usually reveal some error in counsel's judgment or in his use of trial tactics. Defendants should be protected from the errors of ineffective counsel, but it is certainly not our purpose or intent to encourage frivolous or unwarranted claims which would result in the unnecessary trials of their counsel.

There are no specific criteria for determining whether a defendant has received the effective assistance of counsel. "[E]ach case must be approached upon an *ad hoc* basis, viewing circumstances as a whole, in order to determine whether an accused has been deprived of effective assistance of counsel. (Citations omitted.)" *State v. Sneed, supra*, at 613, 201 S.E. 2d at 872.

Defendant cites several tactical errors which he alleges his counsel made at trial and he argues that these errors amount to a violation of his constitutional rights. Defendant first contends that his trial counsel's failure to move pursuant to G.S. 15A-1225 for the exclusion of the three State's witnesses from the courtroom until each one was called to testify is evidence of ineffective assistance of counsel. He argues that because the State's witnesses were allowed to hear each others' testimony it was possible that their own memory of the events to which they testified was reinforced or even colored by suggestion which caused each one's testimony to more closely coincide with the others.

Defendant's alleged correlation between the certainty of each witness's testimony, and the fact that the witness heard another witness's statements prior to his own is completely speculative. Even if defendant's counsel had moved for the exclusion of the State's witnesses from the courtroom there is no assurance that the judge would have ordered it. G.S. 15A-1225 states:

> Upon motion of a party the judge *may* order all or some of the witnesses other than the defendant to remain outside of the courtroom until called to testify .... (Emphasis added.)

The trial judge's decision on whether to make an order of exclusion is discretionary. There is no indication from the record that counsel's failure to so move was a tactical mistake, and even if there were, an error of judgment of this nature is not itself an indication that counsel was rendering ineffective assistance.

The defendant next complains that his trial counsel was ineffective because he failed to object to the in-court identification of the defendant by the State's witnesses and because he failed to request a *voir dire* examination of those witnesses to determine the admissibility of their identifications. The North Carolina Supreme Court has previously dealt with the question of whether failure to object to and request a *voir dire* examination of a witness's in-court identification amounts to a constitutional violation. In *State v. Mathis*, 293 N.C. 660, 239 S.E. 2d 245 (1977), the Court stated:

The record indicates no impermissible pre-trial identification procedures. While the defendant's counsel did not request a *voir dire* examination of the prosecuting witness before she was permitted to identify the defendant in-court as her assailant, the record indicates no basis for the belief that such an examination would have tainted her in-court identification .... Under these circumstances, the failure of counsel to demand a *voir dire* examination of the prosecuting witness, prior to her in-court identification, cannot be deemed such evidence of ineffective assistance of counsel as to warrant the granting of a new trial.

293 N.C. at 670-71, 239 S.E. 2d at 252.

The Court's reasoning is equally applicable here. The record does not indicate any impermissibly suggestive pretrial identification procedures that would taint the witnesses' in-court identifications. All of the State's witnesses' identifications were positive, and it appears from the record that each witness had ample time to view the defendant during the course of the robbery. There is no basis for the belief that had counsel objected or moved for a *voir dire* that any taint of the in-court identification testimony would have been discovered. No defense counsel is required to make frivolous motions or objections. In view of the facts of this case defendant's counsel's failure to object or move for a *voir dire* examination is not indicative of ineffective representation.

Finally, defendant makes a general allegation that his trial counsel did not skillfully conduct the presentation of his evidence. Specifically, he complains that defense counsel, when establishing defendant's alibi defense, questioned him about his whereabouts on 1 January 1979 instead of 3 January 1979 when the robbery actually occurred; defense counsel did not attempt to establish on redirect examination that a statement defendant gave the authorities was not actually inconsistent with his testimony at trial; defense counsel did not negate the negative impact of the testimony of the State's rebuttal witness, Robert Zillgitt, by showing that defendant had been at Slosman Corporation on 3 January 1979 to collect his last paycheck and not to work; defense counsel failed to move for dismissal on the grounds of insufficiency of the evidence at the close of all the evidence.

We have examined the record with respect to each one of these errors of which defendant complains. We find that defense counsel was confused in his references to the date of the robbery on direct examination of the defendant. However, the defendant corrected the mistake upon cross-examination, and defense counsel made no further improper references to the date. Defendant himself upon cross-examination attempted to reconcile the earlier statement he had given the police with his testimony at trial as to his whereabouts on the night of the robbery. Defense counsel did try to negate the effect of State's rebuttal witness, Robert Zillgitt, through cross-examination. The defense counsel's reluctance to probe into the matter any further after defendant and his wife had both testified that defendant had been at work at Slosman's that day is understandable and is not indicative of ineffective assistance of counsel. The defense counsel's failure to move for dismissal on the grounds of insufficient evidence at the close of all the evidence did not prejudice the defendant, because the sufficiency of the evidence is reviewable on appeal without regard to whether a motion was made at trial. G.S. 15A-1227(d).

We have examined each of the errors which defendant alleges his trial counsel made in his representation. Viewing them both individually and collectively we have determined that the defense counsel's representation was not so lacking that the trial became "a farce and mockery of justice." We hold that under the standard adopted in North Carolina defendant's constitutional right to the effective assistance of counsel has not been violated, and there is no error.

Judges CLARK and MARTIN (Harry C.) concur.