STEVENS *v.* THE STATE.

93 307
106 401

93 307
119 116

1. The rule of law which forbids a judge to express or intimate his opinion as to the facts of a case or as to the guilt of the accused, has reference to the expression or intimation of such opinion during the progress of the trial. Code, §3248. No such expression or intimation of opinion is involved in the use of the word "murder" in the order calling the special term "for the purpose of trying criminal business and especially to try such as may be indicted for the murder of J. G. Wells."

2. No facts being shown in support of the motion for continuance on the ground of public excitement and want of time to prepare for trial, it does not appear that there was any abuse of discretion in overruling the motion.

3. Where, after a grossly improper remark by a bystander has been made on the arraignment of a prisoner, and in the hearing of persons summoned as jurors, the defendant allows the case to proceed without objection and without moving to postpone the trial or in any way invoking the ruling of the court, such improper remark does not furnish cause for a new trial, especially where, as in this case, the presiding judge promptly rebuked the offender and had him removed from the court-room. Improper remarks made by another bystander but not heard by the court, no attention being called thereto until after the trial, will not require a new trial.

4. Grounds of a motion for a new trial based on the admission of testimony over objection, will not be considered where it does not appear what objection was made.

5. There was no error in the charges of the court complained of. The verdict was warranted by the evidence, and there was no error in refusing a new trial.                         *Judgment affirmed.*
December 18, 1893.

Indictment for murder. Before Judge GRIGGS. Terrell superior court. Special term, September, 1893.

Harrison Stevens and Jim Majors were jointly indicted for the murder of J. G. Wells. They severed; Stevens was tried and convicted, and his motion for a new trial was overruled.

1. Of the grounds of the motion, the first considered is apparent from the first head-note. The killing occurred on Saturday, September 16th, and the trial took place on the 28th of the same month.

2. Error in refusing to continue the case on motion of defendant's counsel, on account of lack of time for preparation, and the recency of the commission of the crime, and the short time since the finding of the indictment, and the inability of the counsel to prepare the defence and go to trial, and the public excitement and feeling manifested, making it impossible for defendant to obtain an impartial trial. One of defendant's counsel informed the court, three days previously, that he represented the defendant, and this was the belief of the court until the case was called, when this counsel was appointed to represent him.

3. Upon arraignment, defendant answering not guilty, T. R. Thornton, ex-sheriff of the county, sitting in full view of the jurors who constituted the panel of which a jury was selected to try the defendant, and in the bar in full hearing of the jurors, exclaimed in a loud voice, "You are guilty," which remark was heard by all in the court-room, including the jurors; upon which the court ordered Thornton sent down without imposing a fine on him, but administered a rebuke to him, saying that a repetition of the disorder on the part of Thornton or any one else would subject the offender to a penalty of imprisonment in the jail. This occurred before the panel of jurors was put upon defendant. It is alleged in the motion that, about the same time and after the defendant pleaded not guilty, some unknown one in the audience, which was composed of jurors and others, "exclaimed loud enough to be heard by the jurors who tried defendant, 'He is guilty; both of them are guilty,' and made other remarks calculated to affect jurors and to deprive defendant of an impartial trial; said party becoming so boisterous as to attract the attention of those sitting near him, and not being noticed by any of the officers of the court nor counsel for defendant, and was therefore not reprimanded by the court." The judge

certifies that he knows nothing whatever of the facts thus alleged. To support this allegation the defendant presented an affidavit by J. T. Williams, that he was one of the jurors empanelled to try defendant, that he heard an individual in the court-room, who resided somewhere near the scene of the killing, but whose name was unknown to affiant, say, "He is guilty; both of them are guilty," and make other remarks concerning the guilt of defendant, some of the audience attempting to quiet the spokesman, he apparently not being noticed by the judge, but being sufficiently near the other members of the jury to have been heard, and being heard by some of the jurors, and that said remarks were not communicated to defendant or his counsel before the verdict.

4. Grounds not necessary to be stated.

5. Error in charging the jury: (a) "If you believe that any witness has been so impeached in this trial, you are at liberty to disregard his entire testimony, except so far as it is corroborated by circumstances or other credible evidence." (b) "If the killing of J. G. Wells has been satisfactorily shown to you by the evidence, beyond a reasonable doubt, to have been the act of the defendant Harrison Stevens, then the law pronounces such killing murder, and you would be authorized so to find, unless it appears to you from the evidence that circumstances existed justifying the killing." Also, general grounds of the motion.

M. C. EDWARDS, Jr., and E. J. HART, for plaintiff in error.    J. M. TERRELL, attorney-general, and H. C. SHEFFIELD, solicitor-general, *contra*.