## CHARLON v. THE STATE.

1. Under the attendant circumstances, it was not error for the court, before an indictment was found against the prisoner, to appoint counsel for his defense and at the same time to set a day for his trial.

2. The time to be allowed counsel to prepare for trial is in the sound discretion of the trial judge, which discretion will not be interfered with by this court, unless abused. No unusual or intricate matters of law or fact appearing, and nothing being shown as to public excitement, there was no abuse of discretion in overruling the motion for a continuance upon the grounds of want of time to prepare for trial and of public excitement.

3. Where on a trial for murder it appeared that the accused shot at K. but killed M., and the court charged sections 64 and 65 of the Penal Code, defining voluntary manslaughter, such charge was not misleading as having the effect of instructing the jury that to reduce the homicide from murder to manslaughter they must find that M. actually assaulted, or attempted to commit a serious personal injury on the accused; especially where the judge further charged, "that if the defendant did not intend to kill [M.], but [K.], if it would not have been murder had he killed [K.], then his killing [M.] would not have been murder," and there was a verdict finding the accused guilty of murder.

4. The evidence, if not the statement of the accused, demanded the verdict, and there was no error in refusing a new trial.

Argued January 16, — Decided February 3, 1899.

Indictment for murder. Before Judge Falligant. Chatham superior court. November 26, 1898.

*Gordon Saussy* and *Walter T. Johnson*, for plaintiff in error.

*J. M. Terrell*, attorney-general, and *W. W. Osborne*, solicitor-general, contra.

FISH, J. The first and second grounds of the motion for a new trial were the general grounds that the verdict was contrary to the law and the evidence. These will be considered in disposing of the other grounds.

1. The third and fourth grounds complain that it was error for the court, before an indictment was found against the plaintiff in error, to appoint counsel for him and to assign the case for trial. In certifying to these grounds the trial judge says, that counsel were appointed after inquiring of the plaintiff in error, and on his message that he had no counsel and wished counsel assigned him; that when counsel were appointed the court immediately placed at their command everything to ob-

tain witnesses, if any were required.   Under these circumstances, we can see nothing harmful to the rights of the plaintiff in error in the action of the court.   The appointment of counsel seems to have been at the instance of the accused, and he will not be heard to except to the granting of his own request.   The day set for the trial was subsequent to the finding of the indictment, and there was nothing in assigning the case for trial which would prevent plaintiff in error from having it continued when called, if there should then exist any valid reason why the trial should not then proceed.   In fact counsel seem to have so understood, as they filed a motion at that time for a continuance.

2. The fifth ground of the motion for a new trial was, that the court erred in overruling the motion for a continuance, made by the plaintiff in error, upon the grounds, that he and his counsel had not had sufficient time since the appointment of counsel and the finding of the bill to prepare for trial, and because public feeling was so excited against him at the time that he could not obtain a fair trial.   In refusing the continuance, the court stated to counsel for the accused, "that if the defendant would point out or name any one or more witnesses whom he desired, that they should be subpœnaed at once."   Counsel had Saturday and until the case was called on Tuesday to consult with plaintiff in error and prepare for his defense; and if there had been anything unusual about the case requiring more time for its preparation, it should have been shown when the motion for continuance was made.   See *Stevens* v. *State*, 93 *Ga.* 307 (2).

The accused had no absent witnesses; there was nothing peculiar about the facts of the case, and no theory of defense was suggested requiring special preparation.   It must be left to the sound discretion of the trial judge to determine what time should be allowed counsel to prepare for trial, and such discretion will not be interfered with by this court, unless abused. In *Walton's* case, 79 *Ga.* 446, the homicide occurred Friday night.   On Monday following the presiding judge, in anticipation of the indictment, appointed counsel to represent the defendant.   An indictment for murder was found on Tuesday,

and the case was then set for trial on Wednesday morning. When it was called, the accused moved for a continuance, on the ground that he was not ready for trial, because his counsel had not had an opportunity, since their appointment and the finding of the indictment, to look into the case and make due preparation. The motion for continuance was overruled, and upon a writ of error to this court the decision of the trial judge was affirmed, Blandford, J., delivering the opinion, distinguishing *Blackman's* case in 76 *Ga.* 288, and citing *Moody's* case in 54 *Ga.* 660. See *Eberhart's* case, 47 *Ga.* 598. No facts were shown in support of the motion for continuance on the ground of public excitement and prejudice, and there was nothing to take the case out of the general rule, so frequently laid down, that public excitement and prejudice alone are not sufficient cause for continuance. See cases cited under section 961 of the Penal Code. Even if the ruling of the court on the motion for continuance had been erroneous, in view of the evidence subsequently submitted and also the statement of the accused, such error was not cause for a new trial.

3. We do not think that the judge's charge on the subject of voluntary manslaughter was misleading because, in effect, instructing the jury that to reduce the homicide from murder to manslaughter they must find that McLeod actually assaulted or attempted to commit a serious personal injury on the defendant. In charging on the subject of voluntary manslaughter, the court read all of sections 64 and 65 of the Penal Code, defining that offense. In our opinion, the effect of so doing was not as contended for by counsel for plaintiff in error. We do not think that it can be reasonably presumed that any sensible jury, by hearing the law of such sections read, would be misled into believing that as the accused shot at Kracken and unintentionally killed McLeod, to reduce the homicide from murder to voluntary manslaughter it must appear that McLeod assaulted, or attempted to commit a serious personal injury on the accused. The court further charged the jury as follows: "I charge you that if the defendant did not intend to kill McLeod, but Kracken, if it would not have been murder had he killed Kracken, then his killing McLeod would not have been

murder." The jury must have understood the converse to be true: that if it would have been murder had the accused killed Kracken, then his killing McLeod would be murder. They evidently believed, from the law and the facts before them, that if Kracken had been killed by the shot which killed McLeod, it would have been murder, and that therefore the killing of the latter was equally murder.

4. The evidence, if not the statement of the accused, conclusively showed that he was guilty of murder, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All concurring, Little, J., specially.*