### BENTON *v.* THE STATE.

150

No. 12415. September 16, 1938. Refiled November 21, 1938.

*Frank A. Bowers,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold, Pollard Turman, E. J. Clower,* and *E. G. Arnall,* contra.

GRICE, Justice. ■ The plaintiff in error contends that the sentence of April 15, 1938, was invalid because it was passed in conformity to the act of the General Assembly approved February 16, 1938 (Ga. Laws, Ex. Sess. 1937-1938, pp. 330, 331), which act, it is claimed, is ex post facto and in contravention of article 1, section 3, paragraph 2, of the constitution of the State of Georgia. Besides the section repealing conflicting laws, and the section which states that the act shall take effect immediately, there is but one section, section 1, which contains the provisions of law therein and thereby enacted, the substance of which is stated in the first headnote. At the time the plaintiff in error committed the murder, the law embraced in section 1 of the act approved August 16, 1924 (Ga. Laws 1924, pp. 195-197), was in effect. Section 1 of that act declares "that after the approval of this act by the Governor, all persons convicted, after the passage of this act, of a capital crime and have imposed upon them the sentence of death, shall suffer such punishment by electrocution within the walls of the State Penitentiary at Milledgeville, Georgia, or wherever the State Penitentiary may be located, instead of hanging." Therefore this act fixed the place of electrocution as the State Penitentiary, wherever it may be located. Certainly the plaintiff in error has no vested right to be electrocuted only at Milledgeville. The codifiers of the 1933 Code codified section 1 of the 1924 act, supra, as § 27-2512 of the Georgia Code of 1933. Section 4 of

that act (codified as § 27-2515 of the Code of 1933) provides that the warden of the penitentiary shall be executioner. It is specifically pointed out that the sentence imposed on the plaintiff in error on April 15, 1938, provides that "the warden of the penitentiary of the State shall execute the said Ralph Benton," etc. Thus it will be seen that the sentence of April 15, 1938, conforms to the law of the State as to where and by whom he shall be electrocuted; and further, that the contention that the plaintiff in error was sentenced under the act of February 16, 1938 (Ga. Laws, Ex. Sess. 1937-1938, pp. 330, 331), and that said act is ex post facto or retroactive as to the plaintiff in error, affords no ground for the modification of the sentence. The mere fact that the sentence also provides that the prisoner is to be delivered to the State Board of Penal Administration, to be electrocuted at such penal institution as may be designated by said board, affords him no ground of complaint. It is not averred in the motion that it is contemplated that the prisoner will be electrocuted at any place other than the penitentiary of the State.

■ This is also true of the contention that the lower court in the sentence of April 15, 1938, had no authority to change the place of execution to conform to the act of February 16, 1938, supra. The Code, § 27-2521, provides: "Whenever, for any reason, any convict sentenced to the punishment of death, shall not have been executed pursuant to such sentence, and the same shall stand in full force, the presiding judge of the superior court where the conviction was had, on the application of the solicitor-general of the circuit, or other person prosecuting for the State, shall issue a habeas corpus to bring such convict before him; or, if such convict be at large, said judge or any judicial officer may issue a warrant for his apprehension; and upon the convict being brought before the judge, either by habeas corpus or under such warrant, he shall proceed to inquire into the facts and circumstances of the case; and if no legal reason exists against the execution of the sentence, he shall sign and issue a warrant to the warden of the penitentiary, commanding him to do execution of such sentence at such time and place as shall be appointed, which the warden shall do accordingly; and the judge shall cause the proceedings to be entered on the minutes of the superior court of the county." It is specifically pointed out that the above section of the Code pro-

vides: · "and if no legal reason exists against the execution of the sentence, he [the presiding judge] shall sign and issue a warrant to the warden of the penitentiary, commanding him to do execution of such sentence *at such time and place* as shall be appointed, which the warden shall do accordingly," etc. It is interesting to note that at common law the designation of the time and place of the execution in a capital case was, strictly speaking, no part of the judgment or sentence, and as a general rule was not specified therein. 16 C. J. 1304, § 3080.

Section 1 of the act of August 16, 1924, supra, declares "that after the approval of this act by the Governor, all persons convicted, after the passage of this act, of a capital crime and have imposed upon them the sentence of death, shall suffer such punishment by electrocution within the walls of the State Penitentiary, at Milledgeville, Georgia, or wherever the State Penitentiary may be located, instead of hanging." However, in the Code of 1933, adopted by the General Assembly and made of force as the Code of Georgia and approved March 24, 1933, and declared effective as the Code of Georgia by the Governor of the State as of and upon January 1, 1935, appears the codification of the law quoted above in § 27-2512, which reads: "All persons who shall be convicted of a capital crime and who shall have imposed upon them the sentence of death, shall suffer such punishment by electrocution within the walls of the State Penitentiary instead of by hanging." Therefore, by observing the wording of the original act and the codification of the act which gave the expression of the intention of the legislature in this regard, it will appear that the place fixed by law for the execution of the death sentence is the State Penitentiary wherever it may be located. The act of the General Assembly, Ex. Sess. 1937-1938, instead of being in conflict, is supplemental 'to the law found in the Code, § 27-2512, with the additional provision that "no execution shall be held at the old prison farm in Baldwin County."

■ The next complaint is, that the plaintiff in error is about to be electrocuted by the wrong warden. The sentence passed since April 15, 1938, states "that the warden of the penitentiary of the State of Georgia shall execute the said Ralph Benton." The plaintiff in error contends that the person designated originally to execute the sentence imposed upon him before April 15, 1938, to

wit, "The warden of said penitentiary" ("said penitentiary" indicating that located at Milledgeville), has been changed; and states that if the warden of Tattnall County should execute him, such act would be without lawful authority and would thereby constitute murder. In *Howell* v. *State,* 164 *Ga.* 204 (138 S. E. 206), it was held that "The warden of the penitentiary" means any warden of that institution; and it was further held that a penitentiary in this State is "any place where felony convicts sentenced to confinement and hard labor are confined by authority of its laws." Therefore it may be seen that any warden of the penitentiary would be authorized to execute the sentence of death passed upon a convicted defendant. Such being true, it appears that the only basis for the position assumed by the plaintiff in error is that the act of February 16, 1938, denies him the right to be electrocuted at Milledgeville in Baldwin County, after having been previously sentenced to be electrocuted there. In the first place, the law of 1924 specifically states that the place of execution shall be within the walls of the State Penitentiary at Milledgeville, Georgia, *or wherever the State Penitentiary may be located,* indicating thereby very clearly that such executions might take place wherever the legislature might designate a State Penitentiary to be. Furthermore, the Code, § 27-2512, states that electrocutions shall take place "within the walls of the State Penitentiary." One convicted of a capital crime and sentenced to electrocution does not, under our law, obtain an inalienable right to be electrocuted at Milledgeville.

■ It is urged that the sentence is vague and indefinite, in that it does not specify a definite time, on said date, when he is to be electrocuted; "that said sentence passed in Fulton County, Georgia, does not specify whether the words 'between the hours of ten (10) a. m. and two (2) p. m.' refer to eastern standard time or central standard time; that there is a difference between two said times of one hour; that the Fulton County court-house, where the said sentence was passed on defendant, is located in the central standard time belt, whereas the Tattnall County prison, the place designated for said execution, is located in the eastern standard time belt; that the City of Milledgeville, Baldwin County, Georgia, where defendant contends he should be executed, if he is to be executed, is likewise located in the eastern standard time belt." There may

be other answers to this contention, but it is enough to say the sentence is not indefinite in that it does not specify either eastern standard or central standard time. This court has definitely decided that sun time is the time of the law. *Henderson* v. *Reynolds*, 84 *Ga.* 159 (10 S. E. 734, 7 L. R. A. 327).

■ Finally it is said that under the act approved February 16, 1938 (Ga. Laws, Ex. Sess. 1937-1938, p. 330), no one but Judge Wyatt could fix the time of his electrocution. Section 1 of that act declares: "In all cases in which the defendant is sentenced to be electrocuted, it shall be the duty of the trial judge, in passing sentence, to direct that the defendant be delivered to the State Board of Penal Administration for electrocution at such penal institution as may be designated by the said board." It is a misconception of the law to say that only the particular judge who presided at the trial can fix a new date for the execution of the sentence, where a new date must be fixed by reason of a supersedeas having been granted, or for any other reason. The section of the act quoted above gives direction to the trial judge in passing sentence. The sentence was passed in Benton's case on January 29, 1937, more than a year before the enactment of the act in question. Though the plaintiff in error refers in his motion to the order entered by Judge Etheridge on April 15, fixing a new date for the execution, as the sentence, it was not. Compare *Baughn* v. *State,* 100 *Ga.* 554, 558 (28 S. E. 68, 38 L. R. A. 577). A judge of the Atlanta judicial circuit is qualified to pass the order fixing a new date for the execution of the sentence, although he did not preside at the trial. If the one who presided on the trial is the only judge who can do this, it would follow that a murderer could never be executed, provided he obtains a supersedeas and the judge who tried his case originally gives up his commission, by death, resignation, or expiration of his term.

The motion is barren of merit, and the judge was right in denying it.                *Judgment affirmed. All the Justices concur.*