SANDERS *v.* ALDREDGE, sheriff.

No. 12972. OCTOBER 10, 1939.

*Joseph S. Crespi,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.

REID, Chief Justice. ■ "A discharge under a writ of habeas corpus, after a conviction, can not be granted unless the judgment is absolutely void; as where the convicting court was without jurisdiction, or where the defendant in his trial was denied due process of law, in violation of the Federal fourteenth amendment (Code, § 1-815), and the State constitution (art. 1, sec. 1, par. 5; Code § 2-105). Since the writ can not be used merely as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant had opportunity to avail himself, no question as to guilt or innocence or as to any irregularity can be so raised, unless it was such as to render the judgment wholly void. Moore *v.* Dempsey, 261 U. S. 86 (43 Sup. Ct. 265, 67 L. ed. 543) ; Frank *v.* Mangum, 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969) ; In re Wood, 140 U. S. 278 (11 Sup. Ct. 738, 35 L. ed. 505) ; Nielsen, petr., 131 U. S. 176 (9 Sup. Ct. 672, 33 L. ed. 118) ; Downer *v.* Dunaway, 53 Fed. 2d, 586 ; In re Terrill, 144 Fed. 616, 618 ; *McFarland* v. *Donaldson,* 115 *Ga.* 567, 568 (41 S. E. 1000) ; *Etheridge* v. *Poston,* 176 *Ga.* 388 (5) (168 S. E. 25) ; *Blackstone* v. *Nelson,* 151 *Ga.* 706 (108 S. E. 114) ; *Strickland* v. *Thompson,* 155 *Ga.* 125 (1, 3, 4), 126 (116 S. E. 593) ; *Davis* v. *Smith,* 7 *Ga. App.* 192 (5) (66 S. E. 401) ; *Cross* v. *Foote,* 17 *Ga. App.* 802 (88 S. E. 594). As to what constitutes a denial of counsel, in violation of art. 1, sec. 1, par. 5, of the Georgia constitution (Code, § 2-105), whether and when such a denial may constitute also a violation of the Federal fourteenth amendment as to due process (Code, § 1-815), and whether and when this would render the judgment void, so as to be asserted in a petition for habeas corpus, see Johnson *v.* Zerbst, 304 U. S. 458, 467 (58 Sup. Ct. 1019, 82

L. ed. 1461) ; In re Swan, 150 U. S. 637, 648 (14 Sup. Ct. 225, 37 L. ed. 1207) ; Powell *v.* Ala., 287 U. S. 45, 60 (53 Sup. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527) ; Nielsen, and Wood, supra; Re Moran, 203 U. S. 96 (27 Sup. Ct. 25, 51 L. ed. 105) ; In re Mc-Cluskey, 40 Fed. 71; *Wells* v. *Pridgen,* 154 *Ga.* 397, 399 (114 S. E. 355), and cit.; *Delk* v. *State,* 99 *Ga.* 667, 671 (26 S. E. 752) ; *Charlon* v. *State,* 106 *Ga.* 400 (32 S. E. 347) ; *Fleming* v. *Lowry,* 173 *Ga.* 894 (1, 4) (162 S. E. 144) ; *Sanders* v. *Paschal,* 186 *Ga.* 837 (199 S. E. 153) ; *Peebles* v. *Mangum,* 142 *Ga.* 699 (83 S. E. 522) ; *Stephens* v. *Henderson,* 120 *Ga.* 218, 220 (47 S. E. 498) ; *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817) ; State *v.* Dunn, 159 N. C. 470 (74 S. E. 1014) ; *Fambles* v. *State,* 97 *Ga.* 625, 628 (25 S. E. 365)." The foregoing with citations embraced therein is a quotation of division 1 of the opinion in *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469), and presents principles substantially controlling in the case now under review. See also *Harris* v. *Norris,* 188 *Ga.* 610 (4 S. E. 2d, 840), and cit.

■ The record in the instant case, where the plaintiff sought discharge from his detention under sentences imposed upon him in the superior court as a result of plea of guilty under indictments charging burglary, does not disclose any denial of his right to the benefit of counsel or other due process of law as defined in the Federal and State constitutions. It appears that the defendant had relied upon certain counsel to represent him; that his case came on to be tried; and upon failure of the attorney to appear the case was postponed, and some days later, upon it being learned that this attorney did not regard himself as under employment, the court, at the instance of the defendant, appointed other counsel, who, after conferring with certain witnesses for the State, learning (as he testifies by affidavit in the record) that these witnesses claimed that the defendant had confessed to the crimes for which he was indicted, then conferred with the accused, and a plea of guilty was entered. Contention is made that the attorney did not make sufficient inquiry as to the facts connected with the defendant's case, and that the defendant was under the impression that he would be sentenced as for a misdemeanor. It appears, however, that after sentence was imposed the defendant procured other counsel who promptly made application to withdraw the plea of guilty,

and urged as reasons therefor substantially the same grounds as appear in his present application for habeas corpus. The judge, upon hearing this application to withdraw the plea of guilty, denied the same, and his denial was reviewed by the Court of Appeals in *Sanders* v. *State,* 59 *Ga. App.* 748 (2 S. E. 2d, 144), where, upon the principle that the application to withdraw the plea was addressed to the legal discretion of the trial judge, his judgment on the question was affirmed. We find, therefore, that, as ruled in *Aldredge* v. *Williams,* supra, the contentions of merit there claimed in the applicant's petition "could have been raised in the amended motion," so in the instant case the contentions of the applicant *were actually* presented (in the motion to withdraw the pleas of guilty) and adjudged adversely to the applicant, which judgment upon review was affirmed. Thus, neither upon merit nor under the principle of prior adjudication could the applicant's petition have been sustained. We have examined the record in *Sanders* v. *State,* supra, and find that the cases now relied upon touching the merit of his claim were there fully presented and considered.

*Judgment affirmed. All the Justices concur.*