COATES *v.* LAWRENCE, warden, *et al.*

No. 13964. JANUARY 13, 1942. REHEARING DENIED FEBRUARY 13, 1942.

*James R. Venable, Frank A. Bowers,* and *F. Joe Turner,* for plaintiff.

*Ellis G. Arnall, attorney-general,* and *E. L. Reagan, assistant attorney-general,* for defendants.

BELL, Justice. The defendant in an indictment for murder, after conviction of that offense and affirmance of a judgment overruling his motion for new trial as amended (*Coates* v. *State,* 192 Ga. 130, 15 S. E. 2d, 240), applied for the writ of habeas corpus, presenting therein the contentions: (1) that he was denied the benefit of counsel as guaranteed by the State and Federal constitutions, in that, as alleged, he was not allowed an opportunity to employ counsel of his own choice, and the attorneys appointed by the court for him were so incompetent, negligent, and indifferent that he was virtually without representation; and (2) that the verdict was returned by only eleven jurors, one of the original twelve having been excused by the court during the trial, without his knowledge or consent,—all with the alleged result that he was denied due process of law and his conviction was a nullity. Code, §§ 1-815, 2-103, 2-105, 2-4501. The respondent filed a general demurrer and an answer. The judge overruled the demurrer, but, after hearing evidence in support of the application and the response, denied the writ and remanded the applicant to custody. To this judgment the applicant excepted. *Held:*

1. (*a*) The evidence authorized a finding that the defendant

was not denied the right to employ counsel, as contended, but that on the contrary he stated to the court that he was unable to employ counsel, and attorneys were then appointed for him, at his request. Compare *Delk* v. *State,* 100 *Ga.* 61 (27 S. E. 152) ; Powell *v.* Alabama, 287 U. S. 45 (53 Sup. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527) ; Patterson *v.* Alabama, 294 U. S. 600 (55 Sup. Ct. 575, 79 L. ed. 1082) ; Brown *v.* Mississippi, 297 U. S. 278, 312 (56 Sup. Ct. 461, 80 L. ed. 682) ; People *v.* Nitti, 312 Ill. 73 (143 N. E. 447) ; People *v.* Blevins, 251 Ill. 381 (96 N. E. 214) ; People *v.* Bopp, 279 Ill. 184 (116 N. E. 679).

(*b*) Also, under the evidence, the judge was authorized to find against the contention of the applicant as to incompetency of the appointed attorneys and the quality of their services. See *Simmons* v. *State,* 116 *Ga.* 583 (2) (42 S. E. 779) ; *Williams* v. *State,* 192 *Ga.* 247 (15 S. E. 2d, 219). The case differs on its facts from *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634 (15 S. E. 2d, 873), where the judgment under review was based on the pleadings, without the hearing of evidence.

2. As to excusing the juror, the evidence, though partly circumstantial in nature on this point, was sufficient to authorize a finding that at the time, and in the presence of the court, the accused was consulted by his counsel, and expressly assented, as he had the right to do. Code, § 102-106; *Sarah* v. *State,* 28 *Ga.* 576 (2) ; Patton *v.* U. S., 281 U. S. 276 (50 Sup. Ct. 253, 74 L. ed. 854).

3. Under the preceding rulings, the judgment remanding the applicant to custody was not erroneous, as insisted; and this is true regardless of whether, as to the contentions now made, the applicant should be held concluded by his failure to include them in his motion for a new trial, or at least in the amendment thereto, as prosecuted by one of his present counsel. On this question and as to the remedy of habeas corpus, see *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817) ; *Meyers* v. *Whittle,* 171 *Ga.* 509 (3) (156 S. E. 120) ; *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469) ; *Harris* v. *Norris,* 188 *Ga.* 610 (4 S. E. 2d, 840) ; *Sanders* v. *Aldredge,* 189 *Ga.* 69 (5 S. E. 2d, 371) ; Riddle *v.* Dyche, 262 U. S. 333 (43 Sup. Ct. 555, 67 L. ed. 1009) ; Frank *v.* Mangum, 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969) ; Kortgaard *v.* State ex rel. Patterson, 66 N. D. 555 (267 N. W. 438, 105 A. L. R. 1107, annotated).

4. The bill of exceptions contained an assignment of error on the admission of stated evidence upon the habeas-corpus trial. The original brief filed in this court contained only a statement of the facts, with a further statement that "plaintiff in error will file a supplemental brief setting out his law and argument." In the supplemental brief later filed there was no reference to assignment of error on the admission of evidence. In the circumstances this assignment will be treated as abandoned. *Morris* v. *Bullock,* 185 *Ga.* 12, 16 (194 S. E. 201).

*Judgment affirmed. All the Justices concur.*