### Irwin *v.* Lawrence, warden.

Bell, Presiding Justice. 1. After conviction of murder, without recommendation, and sentence to electrocution (affirmed in *Irwin* v. *State,* 194 *Ga.* 690 (22 S. E. 2d, 499) ), the defendant sought release by the writ of habeas corpus, alleging (1) that he was denied the benefit of counsel "as guaranteed by the Federal and State constitution, and that he was not allowed the opportunity to employ counsel of his own choice," and (2) the court appointed two attorneys who were engaged in the practice of civil law, and were not familiar with the practice and procedure in the handling of criminal cases, and that the attorneys so appointed by the

court "were so negligent and incompetent and indifferent that he was virtually without any representation whatever." The warden filed a response. After introduction of evidence by the applicant and the respondent, the judge remanded the applicant to custody, and he excepted. *Held,* that the evidence authorized a finding in favor of the respondent and against the applicant, upon each of the foregoing allegations; and therefore, in so far as these contentions were concerned, there was no error in remanding the applicant to custody. *Williams* v. *State,* 192 *Ga.* 247 (15 S. E. 2d, 219); *Coates* v. *Lawrence,* 193 *Ga.* 379 (18 S. E. 2d, 685); *Wilcoxon* v. *Aldredge,* 193 *Ga.* 661 (19 S. E. 2d, 499); *Betts v.* Brady, 316 U. S. 455 (62 Sup. Ct. 1252, 86 L. ed. 1595).

2. As to the execution of death sentence, the Code declares, among other things, that "There shall be present at such execution the warden of the penitentiary, who shall serve as executioner," and "The executioner and attending physician shall certify the fact of such execution to the clerk of the superior court of the county in which said sentence was pronounced." §§ 27-2515, 27-2516. Accordingly, there is no merit in the contention, presented by applicant in an amendment to his application, that the judgment imposing the death sentence was void and of no effect because it directed the State executioner "to execute movant," whereas he insists that the law does not provide for any such official. See, in this connection, *Howell* v. *State,* 164 *Ga.* 204 (138 S. E. 206); *Dunaway* v. *Gore,* 164 *Ga.* 219 (138 S. E. 213); *Benton* v. *State,* 187 *Ga.* 149 (3) (199 S. E. 749).

3. The Supreme Court shall not decide any question unless it is made by a specific assignment of error. Code, § 6-1607. The only assignment of error being that the judgment remanding the applicant to custody was erroneous "as being contrary to law and the evidence in said case, and . . the judge then and there should have granted plaintiff in error's petition for a habeas corpus," no question is presented as to authority of the assistant solicitor-general who appeared for the respondent, or as to validity of verification of the response; and therefore, although these questions were argued in the briefs, no ruling can properly be made thereon. But see generally, in this connection, *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (43 S. E. 780); *Floyd* v. *State,* 182 *Ga.* 549 (186 S. E. 556). *Judgment affirmed. All the Justices concur.*

No. 14504. MAY 6, 1943. REHEARING DENIED JUNE 6, 12, 1943.

*W. George Thomas,* for plaintiff. *T. Grady Head, attorney-general, Charles H. Garrett, solicitor-general, Norman E. English, assistant solicitor,* and *Maud Saunders,* for defendant.