PARKS, *alias* ALEXANDER, *v.* THE STATE.

No. 16997.   MARCH 13, 1950.   REHEARING DENIED MARCH 27, 1950.

*M. G. Hicks* and *C. T. Culbert,* for plaintiff in error.

*Eugene Cook, Attorney-General, John W. Davis, Solicitor-General, Frank B. Stow, Assistant Attorney-General,* and *Robert E. Andrews,* contra.

HEAD, Justice. "A person convicted of a capital offense is never sentenced under the law of this State but one time; the sentence is the conclusion of the record, and once entered, the record is complete. It may be that the time fixed in the sentence expires, but the sentence stands in full force. . . What is commonly referred to as a resentence is only the fixing of a new time for the execution of a sentence." *Baughn* v. *State,* 100 *Ga.* 554, 558 (28 S. E. 68); *Mallory* v. *Chapman,* 158 *Ga.* 228, 231 (122 S. E. 884); *Gore* v. *Humphries,* 163 *Ga.* 106, 111 (135 S. E. 481); *Benton* v. *State,* 187 *Ga.* 149, 155 (199 S. E. 749); *Smith* v. *Henderson,* 190 *Ga.* 886 (10 S. E. 2d, 921); *Fowler* v. *Grimes,* 198 *Ga.* 84, 94 (31 S. E. 2d, 174); *Solesbee* v. *Balkcom,* 205 *Ga.* 122, 125 (52 S. E. 2d, 433) (affirmed by the Supreme Court of the United State on February 20, 1950, Solesbee *v.* Balkcom, 339 U. S.—(70 Sup. Ct. 457); Code, §§ 27-2518, 27-2521.

In *Fowler* v. *Grimes,* supra, it was stated: "Moreover, even

if the case had been such that he [the trial judge] would have had a discretion originally, he could not have changed the sentence from one of death to one of life imprisonment after adjournment of the term at which the original sentence was imposed, and after the judgment refusing the motion for a new trial had been affirmed."

In the present case the defendant had been convicted of murder without a recommendation of mercy by the jury, and although the evidence in the case was circumstantial, the trial judge presiding at the time exercised the discretion given him under the Code, § 26-1005 by refusing to grant the defendant mercy; the defendant's conviction was affirmed by this court, and thereafter the refusal of the trial judge to grant an extraordinary motion for new trial was affirmed by this court. There is no longer any discretion vested in the trial judge to commute the defendant's death sentence to that of life imprisonment.

Counsel for the defendant cite *Jackson* v. *State*, 53 *Ga.* 195, 199, and *Marshall* v. *State*, 74 *Ga.* 26, 33. In the *Jackson* case it was held: "We affirm the judgment, though we will direct that the judge resentence the prisoner, and in so doing, exercise the discretion vested in him by law in cases where the conviction is founded solely on circumstantial evidence. We do not suggest what his sentence shall be, but we leave it open to the judge, now that some time has elapsed, to commute the punishment if, as his conscience is at present informed, he thinks that course most consistent with justice, the public interest, the fallibility of human belief, and such charity as is consistent with justice." The *Marshall* case followed the *Jackson* case, stating that in the *Jackson* case this court "directed the judge to resentence the prisoner." In *Colbert* v. *State*, 91 *Ga.* 705, 711 (17 S. E. 840), the *Jackson and Marshall* cases were cited as authority for the court to give direction that the trial judge reconsider the sentence of a defendant. It is apparent from a consideration of the cases cited by counsel that this court was giving special directions to the trial judge to resentence the defendants, under authority of the Code (now §§ 6-1610, 24-3901 (2)), due to the particular facts of the cases. These cases are not authority for a ruling that, where the evidence was circumstantial, the judge in setting a new date for the execution of a death sentence would have a

discretion to commute the death penalty to life imprisonment. No direction was given by this court in the affirmance of the conviction of the present defendant that the trial judge resentence the defendant, and the judge who presided on the trial of the case set a new date for the execution of the defendant's sentence after the affirmance of his conviction by this court.

The judges of the superior courts of this State have no general jurisdiction to commute death sentences to life imprisonment. Our Constitution has vested this power in the State Board of Pardons and Paroles. Constitution, art. 5, sec. 1, par. 11 (Code, Ann., § 2-3011). The record under consideration discloses that the defendant made application to the State Board of Pardons and Paroles for a commutation of his sentence, which was denied. He attempts to raise a question as to a delay by the board in acting on his application. Obviously, any failure of the board to act on the application in the time provided by law would not give authority to the Judge of the Superior Court of Floyd County to commute the defendant's sentence.

The contention that the execution of the defendant under the verdict of the jury would be denying him due process, since one member of the Board of Pardons and Paroles voted to commute his sentence, is without merit. The language in the act creating the State Board of Pardons and Paroles (Ga. L. 1943, pp. 185, 187, Code, Ann. Supp., § 77-511), that "in cases involving capital punishment . . a unanimous vote of all members of the Board is necessary," means that a unanimous vote is necessary to grant clemency, and not that a unanimous vote is necessary to deny clemency. The courts have the power to impose punishment; the pardon and parole board has the power to grant mercy. The action of the Board of Pardons and Paroles is not an approval or disapproval of the judgment of the trial court.

The trial judge did not err in holding that he was without jurisdiction to entertain the motion for a commutation of sentence.

*Judgment affirmed. All Justices concur.*