20158. VELKEY *v.* GRIMES, Sheriff.

HAWKINS, Justice. The bill of exceptions complains of a judgment in a habeas corpus proceeding, remanding the plaintiff in error to the custody of the respondent sheriff "as being contrary to law." The applicant's petition for habeas corpus alleges that his detention under an extradition warrant issued by the Governor of Georgia is illegal, because the applicant had not been given a speedy trial of the indictments against him in the courts of the State of Pennsylvania, as required by a statute of that State, copy of which is attached to the peti-

tion. In the brief of counsel for the plaintiff in error, this contention is expressly abandoned, and it is insisted that the only points to be decided here are: (1) will respondent's Exhibit No. 2, which purports to be a requisition, be sufficient to support the rendition warrant issued by the Governor; and (2) is the rendition warrant issued by the Governor valid. *Held*:

While the record discloses that certain objections were interposed by counsel for the petitioner to the introduction in evidence by the respondent of the requisition papers upon which the warrant of the Governor of Georgia was based, there is no assignment of error complaining of the ruling admitting such documents in evidence. It does not appear that the two questions which plaintiff in error now contends are for decision were presented to or passed upon by the trial court, except as they were predicated upon the allegations made by the plaintiff's petition, which have now been expressly abandoned. This is a court for the correction of errors of law committed by the trial court where proper exception is taken thereto, and one may not abandon the only question raised by his petition in the trial court, and for the first time in the brief of counsel in this court raise questions as to rulings not excepted to or not passed upon by the trial court. Code § 6-1607; *Irwin* v. *Lawrence,* 196 *Ga.* 202 (3) (26 S. E. 2d 251) ; *Jackson* v. *Baker,* 207 *Ga.* 446, 449 (62 S. E. 2d 162) ; *Miller* v. *State Highway Department,* 200 *Ga.* 485 (2) (37 S. E. 2d 365) ; *City of Moultrie* v. *Colquitt County Rural Electric Co.,* 211 *Ga.* 842 (3) (89 S. E. 2d 657).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 16, 1958—DECIDED SEPTEMBER 5, 1958—

REHEARING DENIED OCTOBER 10, 1958.

*Albert A. Roberts,* for plaintiff in error.
*Paul Webb, Solicitor-General, Eugene L. Tiller,* contra.