21243.   SMITH v. BALKCOM, Warden.

ALMAND, Justice.   The plaintiff in error, Gene Roy Smith, was tried and convicted under indictments charging him with two counts of forgery. The jury, finding him guilty on both counts, set the terms of confinement in the State penitentiary at two (2) three (3) year terms. The presiding judge sentenced the plaintiff in error to three years on each count, count 2 to follow count 1. A motion for a new trial was denied and there was no appeal from this judgment. The plaintiff in error sought his release by habeas corpus alleging that the judgment under which he is held is void because the flat sentence imposed upon him by the court without a stipulated minimum or maximum term is contrary to *Code Ann.* § 27-2502 (Ga. L. 1919, p. 387). Exception here is to the

judgment of the superior court denying the writ and dismissing the petition. *Held:*

1. A writ of habeas corpus can not be used as a substitute for a writ of error, or other remedial procedure to correct errors of law, of which the defendant had opportunity to avail himself. *Sanders v. Aldredge*, 189 Ga. 69 (5 SE2d 371). Since this is true, no question as to any irregularity can be raised by writ of habeas corpus, unless it is such as would render the judgment wholly void. *Sanders v. Aldredge*, 189 Ga. 69, supra.

2. Applying the foregoing, where, as here, the petitioner failed to avail himself of other remedial procedure, and no attack is made that would render the judgment wholly void, in that this court in *Johnson v. State*, 154 Ga. 806 (115 SE 642) held that a reasonable interpretation of a sentence of a fixed number of years was that such period of time would be the minimum and the maximum sentence, the judgment can not now be reviewed collaterally by habeas corpus. Accordingly, the judgment of the trial court denying the writ and dismissing the petition was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 9, 1961—DECIDED JUNE 8, 1961—REHEARING DENIED JUNE 22, 1961.

Gene Roy Smith, *pro se, Ben S. Atkins*, for plaintiff in error.
*Eugene Cook, Attorney-General, Earl L. Hickman, Assistant Attorney-General, B. Daniel Dubberly, Jr.*, contra.