### 24705. CAIL v. GRIFFIN, Sheriff.

UNDERCOFLER, Justice. Raymond Cail filed a petition for habeas corpus against Carl A. Griffin, Sheriff of Chatham County, Georgia, alleging that he is illegally detained under a sentence for voluntary manslaughter because the jury which convicted him was improperly and unlawfully impaneled. He avers that an alternate juror was selected to sit with the jury and hear the evidence in the case; that during the course of the trial, one of the regular jurors became ill and the alternate juror was substituted in his place; that the authority for the use and selection of alternate jurors in criminal cases in Georgia provided for in Chapter 59-9 of the Annotated Code (Ga. L. 1957, pp. 466-468) was repealed in its entirety by the Civil Practice Act of 1966, pp. 609, 691 (ii) (*Code Ann.* § 81A-201 (ii)); and that there was no authority under Georgia law for the selection, impanelment or use of alternate jurors in criminal cases at the time of petitioner's trial. After hearing evidence, the trial judge dismissed the writ and remanded the petitioner to the custody of the respondent. The appeal is from that judgment. *Held*:

1. The Civil Practice Act of 1966, Section 135 (ii), pp. 609, 691 (*Code Ann.* § 81A-201 (ii), specifically repealed Georgia Laws 1957, pp. 466-468 (*Code Ann. Ch.* 59-9) relating to alternate jurors. The Civil Practice Act of 1966, pp. 609, 655, as amended in 1967, pp. 226, 242 (*Code Ann.* § 81A-147b) provides for alternate jurors in civil cases. However, no provision existed in Georgia at the time of this trial for the use of alternate jurors in criminal cases, but see House Bill No. 1136 approved by the governor on April 9, 1968, as to the present law.

2. The evidence shows that during the trial of this case one of the jurors became sick and the previously qualified alternate juror was, with the consent of defendant's counsel, substituted

for him as was provided by the repealed alternate juror law. At the time of the trial, neither the defendant's counsel, the State's counsel, nor the trial judge was aware that the alternate juror law in criminal cases had been repealed by the Civil Practice Act of 1966.

The petitioner's application for the writ of habeas corpus is without merit. Any objection he might have made to the alternate juror serving on the panel was waived when he expressly consented for him to serve on the jury. If he had any objection to his service on the panel, or the trial being continued with only 11 jurors, he should have then so informed the court. *Coates v. Lawrence,* 193 Ga. 379, 380 (2) (18 SE2d 685). His objection after verdict is too late even though he did not know that the alternate juror law had been repealed. *Brown v. State,* 105 Ga. 640 (1) (31 SE 557); *Trammell v. State,* 183 Ga. 711, 715 (5) (189 SE 529); *Conyers v. Graham & Foute,* 81 Ga. 615 (4) (8 SE 521); *Weiss v. Hood,* 200 Ga. 795 (2) (38 SE2d 559).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1968—DECIDED JUNE 20, 1968.

*Lionel E. Drew, Jr., Kravitch & Hendrix,* for appellant.

*Andrew J. Ryan, Jr., Solicitor General, Robert E. Barker, Andrew J. Ryan, III,* for appellee.